STEAVENS v. FEDERAL LIFE INSURANCE CO.

INSURANCE—ACCIDENT INSURANCE—CONSTRUCTION OF POLICY—
    ''THROWN THEREFROM.''

    Insured accidentally thrown from seat of binder was thrown
    ''therefrom'' within meaning of policy, although he landed
    on machine and not on ground; seat being only part contemplated from which operator could be thrown. BUTZEL,
    C. J., and CLARK and SHARPE, JJ., dissenting.

Appeal from Clinton; Searl (Kelly S.), J. Submitted April 16, 1931. (Docket No. 122, Calendar No. 35,563.) Decided June 25, 1931.

Assumpsit by Hane W. Steavens against Federal Life Insurance Company, a corporation, on a policy of accident insurance. Directed verdict and judgment for defendant. Reversed, and new trial granted.

*Smith, Hunter & Spaulding,* for plaintiff.

*Charles H. Goggin* and *Paul R. Cash,* for defendant.

CLARK, J. (*dissenting*). Plaintiff sued on a policy of insurance. Defendant had judgment on directed verdict, from which plaintiff has appealed. The policy provides indemnity for certain injuries sustained while using a binder, farm wagon, etc., "by being accidentally thrown therefrom."

The question is whether plaintiff, who was riding a corn binder, was injured by being "accidentally thrown therefrom." The binder was a McCormick-Deering, vertical type, short-corn binder, horse-drawn. On the left side is the driver's seat nearly even with the top of the main wheel, which is 36 inches high, and its face is 10 inches wide. To the right of the seat is the main wheel, and then the hand levers and the packers, binding attachment, gatherers, elevators, etc., which go to make up the machine. The machine proper is considerably higher than the main wheel. While plaintiff was riding, the wheel struck a stone. He was thrown from the seat, and, for a brief instant, free of the binder, across the wheel, into the machine proper, a distance of "14 or 15 inches or two feet." The

horses stopped. Plaintiff got to the ground and succeeded in getting his broken arm from the packers.

The policy was one issued through a well-known newspaper, for a small premium, and, necessarily, giving limited protection. We recognize that the parties may contract for what injuries the insurer shall and shall not be liable. The conclusion of the trial judge was:

"That 'therefrom' means 'away from,' 'free from;' and in this case the plaintiff was not thrown away from the binder and was not thrown free from the binder. He says himself, that no portion of his body touched the ground until he purposely put his feet on the ground after the accident happened. He was thrown into the machinery of the binder and was injured * * * and my best judgment is that he cannot recover, because he was not thrown from the binder."

Each of these cases must be decided on its own facts. We may fancy cases beyond this and into absurdity, but if one were thrown from a wagon seat into the wagon box, or from an automobile seat into its top, could it be said he had been thrown from the wagon, or the automobile? Are not these fancied cases like the one at bar?

We agree with the trial judge that the injuries here are not within the policy contract.

Judgment should be affirmed.

BUTZEL, C. J., and SHARPE, J., concurred with CLARK, J.

WIEST, J. A seat on the binder was provided for the driver. Plaintiff was accidentally thrown from such seat. The policy included disability sustained by being accidentally thrown from a binder while

engaged in its operation. The driver's seat was an essential part of the binder, and, under the policy, the only part contemplated from which an operator could be thrown. Plaintiff was thrown from that part of the binder, and the question of whether he was thrown from the binder is determined by the place from which he was thrown and not the place where, in the course of flight, he landed.

The judgment is reversed, and a new trial granted, with costs to plaintiff.

McDONALD, POTTER, NORTH, and FEAD, JJ., concurred with WIEST, J.