No. 16,680.

JONES v. FEDERAL LIFE INSURANCE COMPANY.
(234 P. [2d] 615)

Decided July 23, 1951.

Mr. W. T. MOYERS, for plaintiff in error.

Messrs. BANNISTER, WELLER & FRIEDRICH, Mr. WILLIAM H. HAZLITT, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE JACKSON delivered the opinion of the court.

PLAINTIFF IN ERROR, to whom we hereinafter refer as insured, sued the insurance company, hereinafter designated as insurer, seeking recovery for injuries sustained while riding on the rear seat of an automobile. Insurer denied liability. After insured had answered certain interrogatories filed by insurer, the court entered summary judgment in its favor. Insured brings the cause here, seeking reversal of the judgment.

The insured owned a limited coverage accident policy issued by insurer under date of April 2, 1925, providing for payment of an annual premium of $1.00. There was provision for certain lump sum payments for specific losses. The policy also contained a clause reading: "If the insured shall be immediately and wholly disabled by the means and under the conditions as set forth in Parts I, II or III and be prevented by injury so received from performing every and any duty pertaining to her or his usual occupation, the Company will pay for a period not exceeding 15 consecutive weeks accident indemnity at the rate of $10.00 per week." The coverage provided in Parts I and III is not applicable here. Part II, which it is claimed is applicable, reads: "(a) By the wrecking or disablement of any Public Omnibus, Taxicab, or Automobile Stage plying for public hire, which is being driven or operated at the time of such wrecking by a licensed driver, and in which such Insured is traveling as a fare-paying passenger; (b) or, by the wrecking of any private horse-drawn vehicle, or private motor-driven car in or on which the Insured is riding or driving, or by being accidentally thrown from such vehicle or car; (c) or, by the wrecking of any passenger elevator (elevators in mines excepted) in which the insured is riding as a passenger."

In large letters, on the face of the policy, appears the following sentence: "This Policy provides Indemnity for Loss of Life, Limb, Limbs, Sight or Time caused by Accidental Means, to the Extent herein Limited and Provided."

Under the agreed statement of facts, it appears that insured, as a passenger, was sitting on the rear seat of an automobile at the time she incurred injury; that "Said automobile struck a raised pile of dirt in the street, throwing plaintiff from the seat through the air to and against the top of said automobile, and plaintiff then fell back through the air and came to rest in a position against the edge of the seat and against the front seat and against the floor of said automobile. That the object her body came into contact with which caused her injuries was, in plaintiff's opinion, the top part of said automobile. That said object was inside of said automobile. That she was thrown from said automobile. That after said automobile struck the raised portion of street, she was not at any time outside of said automobile before it stopped, but was injured as aforesaid by being thrown from the seat of said automobile upwards through the air."

It also was stipulated and agreed that insured's right to recover under the policy is by virtue of the coverage provided in that portion of Part II, sub-section (b), reading as follows: "or by being accidentally thrown from such vehicle or car."

Both of the two specifications of points are grounded on the proposition that insured was accidentally thrown from the automobile in which she was a passenger.

■ ■ Counsel for insured argues that the year 1925, in which the policy was issued, marked the transition period from "open touring cars to the closed car type"; that under the latter type, the clause, "thrown from" an automobile, "must mean being thrown from *that part of the car* on which the insured is riding"; that in the instant case insured "was clear of the car for a brief time,

and therefore *was thrown from the car."* It seems to us that this reference to the change in type of cars only serves to emphasize that the use of the phrase "thrown from such vehicle or car" means just what it says—a hurling or catapulting of the person from the car, so that thereafter the person and the car are on independent orbits of action and momentum, and the — result is that the person is no longer within the vehicle. Such would seem to have been the meaning at the time the policy was issued. We would be doing violence to the English language to attach any other meaning by this opinion. The fact that it takes more force and a narrower range of circumstances to be hurled from a closed car, such as by the forcing open of a door, than from an open touring car, does not justify a change in the meaning of words. What counsel for insurer appears to mean is that changing custom has greatly limited the risk in this particular. We are not supplied with statistics as to the number of persons thrown from cars in 1950 and the number in 1925. Due to the greater number of cars on the roads and the markedly higher incidence of accidents, the number may have increased rather than lessened. In any event, we do not believe the meaning of the words used in the policy has changed. Even assuming with counsel that with changing times there may be a lesser number of injuries occurring under the situations covered in Part II of the policy, there still may be a larger number of accidents in the situations expressed in Parts I and III. Both parties have taken their chances on that, and are bound by the terms of their 1925 contract.

The principal case upon which insured relied, both in the trial court and here, is *Steavens v. Federal Life Ins. Co.,* 255 Mich. 95, 237 N.W. 388, in which recovery was allowed by a five to three decision against the same insurer, defendant in this case, under a clause which protected against being thrown accidentally from a vehicle. In that case insured was driving a horse-drawn corn binder which hit a stone, throwing him from the driver's

seat, "fourteen or fifteen inches or two feet" over the large wheel to the right and into the machinery beyond. It would appear that recovery was allowed for the resulting injury on the theory that when insured was thrown from the driver's seat he was, in effect, thrown from the vehicle. From the description of the corn binder set out in the dissenting opinion, it would appear that had he been propelled the same distance to the left, or to the rear, he would have been thrown to the ground; but because of being thrown to the right, where the machinery was, he came to rest in the machinery from which he descended "to the ground and succeeded in getting his broken arm from the packers." In the opinion it was stated that he "was thrown from that part of the binder [on which he was seated], and the question of whether he was thrown from the binder is determined by the place from which he was thrown and not the place where, in the course of flight, he landed."

We do not feel that that case controls; nor do we find the following cases, upon which counsel for insured relies, applicable. In *Continental Life Ins. Co. v. Wilson*, 36 Ga. App. 540, 137 S.E. 403, a driver fell off a wagon loaded with logs and, while still lying on the road, was crushed by a log rolling off the load and falling upon him. Recovery of damages was resisted on the ground that insured was *on* the cart, and not *in* it. It was held that, for the purposes of the case, the prepositions *on* and *in* were synonymous.

*Wright v. Aetna Life Insurance Co.*, 10 F. (2d) 281, was a case in which the insurance policy covered an accident occurring while insured was riding in an automobile. The auto went out of control and insured either jumped or was thrown from the car. Recovery was allowed. Recovery also was allowed in *Federal Life Ins. Co. v. McAleer*, 161 Okla. 251, 17 P. (2d) 681. In that case the care was on a grease rack, and insurer stepped out on the running board as the rack was rising. A jar caused him to be thrown from the car.

The authorities cited by insurer follow the line of the foregoing cases, i. e., that wherever recovery has been allowed, the insured — with the possible exception of *Steavens v. Federal Life Ins. Co., supra,* — has permanently parted company with the vehicle in or on which he was riding.

We are of the opinion that the trial court acted properly in denying recovery to the insured in the instant case.

The judgment is affirmed.

MR. JUSTICE HOLLAND and MR. JUSTICE HILLIARD not participating.