## KENT & DOWNS v. WADLEY SOUTHERN RAILWAY COMPANY.

The court did not err in directing a nonsuit in this case.
SEPTEMBER 26, 1911.

Action for damages. Before Judge Rawlings. Johnson superior court.   March 23, 1910.

*Hines & Jordan,* for plaintiffs.   *R. L. Gamble,* for defendant.

Beck, J.   The firm of Kent & Downs filed a petition against the Wadley Southern Railway Company, to recover the value of 25,000 feet of lumber, which the plaintiffs alleged they were unable to deliver to a customer, because of the failure and refusal of the railway company to furnish cars for its transportation.   It was alleged that the plaintiffs, on January 10, 1907, offered the lumber for shipment at Kite, Ga., which is one of the places on the defendant's line of road at which it receives such goods for shipment; that the same was to be carried to Wadley, Ga., which is the terminus of said railway, and there to be delivered to a connecting carrier to be carried to Michigan City, Indiana, for delivery to the Haskell-Barker Car Company; that the plaintiffs requested the railway company to place at Kite two 40-foot cars on which to load the lumber, such cars being the ordinary and usual cars in carrying lumber of the dimensions offered; that the defendant company failed and refused to furnish the cars and refused to accept the lumber; that the Haskell-Barker Car Company were to pay $18.50 per thousand feet for the lumber, but, owing to the failure of the railway company to furnish cars for its transportation, the car company, on May 10, 1907, canceled its order; and that the plaintiffs being unable to use or sell the lumber, it became a total loss.   On the trial, at the conclusion of the evidence offered on behalf of the plaintiffs, the court granted a nonsuit; and the plaintiffs excepted.

The plaintiffs were not entitled to recover in this case without proof of the execution of the letters from Daugherty, Morrison & Co., which contained the orders for the lumber to be shipped to Haskell-Barker Car Co.   The basis of their action was their inability to fill these orders or delay in filling them, which it is alleged resulted from a failure of the defendant railway to furnish cars on which to transport the lumber.   It is true that in the record there appears a general statement by a member of the plaintiffs' firm, that "he had a verbal order for this lumber," but the terms of the verbal order and from whom it came were unstated; and besides, as remarked above, the suit was predicated upon certain definite, precise orders for a certain number of pieces of lumber of specific dimensions.   When the letters referred to above, which

contained these orders, were excluded from evidence, there was no evidence before the court and jury of the existence of the orders which it was essential to prove in order to make out the plaintiffs' cause of action. It was shown by the plaintiffs' own testimony that the lumber which was left at the designated station on the defendant's line of railway, and which remained there until it rotted from exposure, had no market value unless it could be used for the purposes indicated in the letters of Daugherty, Morrison & Co., because of the dimensions into which it had been cut. To prove loss it was essential to the plaintiffs' case to show an order for the lumber sawed into such dimensions as this lumber was. The petition set forth all the essential facts. It showed the existence of such an order as that referred to; but when put to the proof, the case failed because of a lack of evidence to establish the fact of the existence and execution of the orders set forth in the petition. The plaintiffs attempted to prove the execution of the letters containing the orders, by showing that they were received by due course of mail, but there was no proof whatever of the genuineness of the signatures to the letters; in fact, it appears that the signatures were typewritten, and no witness attempted to identify the signature as that of the parties whose names purported to be signed. The mere fact that these letters were received in due course of mail and upon paper stamped with the letter-head of the parties purporting to sign the letters was not sufficient to render them admissible in evidence. *Freeman* v. *Brewster*, 93 *Ga.* 649 (21 S. E. 165). In the absence of the letters, as we have pointed out, the plaintiffs' case had no foundation and could no longer stand; a nonsuit necessarily followed, and the court did not err in so directing.

*Judgment affirmed. All the Justices concur.*