WRIGHT, insurance commissioner, *v.* FULLER, administrator.

A policy of insurance, in which the daughter of the insured was named as the beneficiary, contained the following clauses: '(1) In the event of the death of the insured the company would pay to the beneficiary the sum of $5,000 in 100 monthly installments of $50 each. (2) Should the insured attain the age of 78 years while the contract was in full force and effect, she should receive the above-mentioned annuity under the same plan as provided for her beneficiary in the event of death; provided that should the insured die before the sum of $5000 should be paid, her beneficiary should in like manner receive the unpaid installments. (3) "In the event said member [insured] should become totally and permanently disabled while this policy is in full force and effect, his premiums shall cease during such disability, and he may receive the said annuity in monthly payments of $25.00 each; provided, that should he recover from such disability, the said payments to him shall cease, and the amount paid to him shall be charged against his policy as a loan." While the policy was in force the insured suffered

an illness producing total and permanent disability. Five months thereafter insolvency proceedings were instituted against the insurer, and seven months thereafter the order of liquidation of the insurer as an insolvent company was passed. The insured continuously remained in a condition of total disability for more than a year after the passing of the order of liquidation, when she died. *Held*:

1. When the insured became "totally and permanently disabled," the obligation of the insurer was fixed, definite, and demandable, and the obligation was to pay to the insured the full amount of the policy in monthly payments of $25 each.

2. The court did not err in fixing the damages for the breach of the contract of insurance at the full amount of the policy reduced to its present cash value as of the date of the order of liquidation, and in rendering judgment in favor of the personal representative of the insured against the assets of the insurer.

No. 682. JULY 11, 1918.

Intervention in equity. Before Judge Bell. Fulton superior court. October 20, 1917.

On August 28, 1911, the American Life Annuity Association issued a policy upon the life of Mary E. Fuller, for the sum of $5,000. Lula J. Fuller, the beneficiary therein named, was the daughter of the insured. The policy contained the following material provisions: (1) In the event of the death of the insured the company would pay to the beneficiary the sum of $5,000 in 100 monthly installments of $50 each. (2) "Should the member to whom this policy is issued attain the age of 78 years while this contract is in full force and effect, he may receive the above-mentioned annuity under the same plan as provided for his beneficiary in the event of death; provided, however, that should said member die before the sum of $5,000.00 shall have been paid, his said beneficiary shall in like manner receive the unpaid installments. (3) "In the event said member should become totally and permanently disabled while this policy is in full force and effect, his premiums shall cease during such disability, and he may receive the said annuity in monthly payments of $25.00 each; provided, that should he recover from such disability, the said payments to him shall cease, and the amount paid to him shall be charged against his policy as a loan. . . This contract is issued in consideration of the payment of the first annual premium of three hundred and eight and no/100 dollars, and the further payment of a like amount on the 21st day of August each year until the assured shall attain the age of seventy-eight." On July 14, 1913, the insurance company was placed

in the hands of William A. Wright, insurance commissioner of Georgia, for liquidation. The order of liquidation was passed on September 28, 1913. On February 12, 1912, the insured was stricken with paralysis. This stroke of paralysis totally and permanently disabled the insured, and she was thereafter confined to her bed in a comatose condition. On January 8, 1915, the insured died. The premiums on the policy were paid at maturity from the date of the issuance of the policy until the death of the insured. The beneficiary in the policy intervened in the insolvency case, and claimed that she was entitled to receive the value of the policy as a death claim. Her contention was rejected by the trial court and by the Supreme Court; this court holding that inasmuch as the insured was living at the date of the order of liquidation the policy in question was "ipso facto canceled, and a claim of loss thereafter occurring is not a provable claim by the beneficiary against the company." *Fuller* v. *Wright*, 147 *Ga.* 70 (92 S. E. 873, L. R. A. 1917E, 1149). Thereupon the defendant in error was appointed administrator of the estate of Mary E. Fuller, the insured, and filed an intervention claiming the full amount of the policy reduced to its cash value as of the date of the order of liquidation, upon the theory that the policy became matured in the right of the insured for its full value upon the date upon which the insured became totally and permanently disabled. The insurance commissioner resisted the payment of the claim, upon the ground that the policy was canceled by the order of liquidation, and that the intervenor had no claim except for seven instalments of $25 each which had accrued up to the date of the order of liquidation, and, if not correct in that contention, that the intervenor could have no claim for more than twenty-three instalments of $25 each which had accrued before the death of the insured. The court, to whom the issues were submitted, rendered judgment in favor of the intervenor in the principal sum of $2,958.75, the full amount of the policy reduced to its present cash value as of the date of the order of liquidation. The insurance commissioner excepted.

*Walter McElreath,* for plaintiff in error.

*Westmoreland, Anderson & Smith,* contra.

GEORGE, J. When the suit of the beneficiary in the insurance policy involved in this case was before this court (*Fuller* v. *Wright,* 147 *Ga.,* cited supra), it was ruled: "Upon the adjudication of

insolvency of a domestic stock life-insurance company and the passing of an order of liquidation of its affairs on a petition filed by the insurance commissioner, the outstanding policies are ipso facto canceled, and a claim of loss thereafter occurring is not a provable claim by the beneficiary against the company." In the course of the opinion it was said:. "A life-insurance company, when adjudged insolvent and dissolved, has broken its engagements with its policyholders, and becomes liable to them in damages for such breach. . . Upon such breach the policyholders become creditors for the value of their policies at the date of the dissolution of the company. . . The contract of the insurance company is with the insured, and the liability for the breach of an ordinary policy contract is to him, and not to the beneficiary, whose right is to receive the amount of the policy as a death claim." From the foregoing it will be seen that the beneficiary in the policy has no claim against the assets of the company, the death of the insured having occurred subsequently to the order of liquidation. It is settled that the liability for the breach of the policy contract is to the insured (in this case to her personal representative), and the question open for decision is the amount of such liability. This liability is to be determined as of the date of the order of liquidation. (Perhaps the true rule is that the day on which the insolvency occurred as adjudicated by the decree, rather than the date of the decree itself, fixes the time to which the several claims against the assets of an insurance company must be referred for adjustment. That precise question was not necessarily involved in *Fuller* v. *Wright,* supra, nor is it necessarily involved in this case.) The fact that the insured died more than twelve months after the passing of the order of liquidation is and can be of no relevancy in fixing the amount of damages for the breach of the contract. For the purpose of avoiding confusion we will consider the question presented as if the insured were still in life. When the question is viewed in this light it is clear that the insured is entitled to recover full damages for the breach of the contract, and such damages can not be measured by the number of monthly payments of $25 each, as provided in the policy, which had accrued prior to the date of the adjudication of insolvency. The contract of insurance is to be liberally construed in favor of the insured. The insured in case of total and permanent disability was to receive the full amount of the policy

in twenty-five dollar monthly installments, or in any event the liability of the company was to be $5,000, the amount fixed in the policy. Her death before the full amount of the policy had been received by her, under the scheme of payment fixed in the contract, can in no event reduce the liability of the company. The parties to this contract did not anticipate a breach of it. If the insured had lived but sixty days after becoming totally and permanently disabled we do not think it could be said that the liability of the company was limited to the payment of two monthly installments of $25 each. Under the admitted facts she was certainly entitled to receive the monthly installments which had accrued and which should have been paid to her prior to the date of the adjudication of insolvency. We are further of the opinion that the obligation of the company was fixed, definite, and unalterable at the time of the adjudication of insolvency, and that the obligation was to pay to the insured $5,000 in monthly installments of $25 each. This contract can not be likened to a "paid-up policy" of insurance. The insured in a policy which has been fully paid up is not a creditor of the company. How long the insured in a "paid-up policy" of insurance will continue to live can not be certainly determined. The event upon which the indemnity becomes demandable in the case of paid-up insurance is not the payment by the insured of all the premiums due according to the contract; the event upon which the indemnity becomes demandable is the death of the insured. When the insured became totally and permanently disabled, the company immediately owed her the full amount of the policy, payable, however, in installments of $25 per month. It was in this light that the trial court viewed the question. He found the insured to be a creditor of the company, and the obligation of the company fixed, certain, and definite. The indemnity was due and demandable, but demandable according to the terms of the contract, that is, in monthly installments of $25 each. The judge therefore reduced the amount of the policy to its present cash value as of the date of the order of liquidation. The necessity for so doing was brought about by the breach of the contract, and the insured in no event contributed to the breach.

The contention is advanced that the position of the company is analogous to a claim for future rent under a lease made by a bankrupt, which is held not to be a provable claim against the

bankrupt's estate. In such case the only "fixed liability" under a lease is the rent due at the time of the filing of the petition. A number of cases are cited to sustain this contention. Conceding that the cases sustain the contention made, there is slight analogy between the cases cited and the case at bar. In the case of the lease the contract is wholly executory as to both parties, while in the case at bar the contract is wholly executed so far as the insured is concerned, and the event upon which her claim against the company was demandable has transpired. The landlord is not entitled to the return of his premises and future rents thereon after bankruptcy. Great reliance is placed by plaintiff in error upon the decision in Mayer *v.* Attorney-General, 32 N. J. Eq. 815. An analysis of that case shows that the question involved was one of priority of payment out of the assets of an insolvent mutual insurance company. The contest was between certain death claims which had matured before the insolvency proceedings and certain endowment policies where all premiums had been paid prior to the insolvency proceedings. The ruling in the case is that the death claims were entitled to priority of payment over the endowment claims, upon the theory that the holders of endowment policies were yet members of the company, the company being a mutual one, while the holders of death claims were creditors of the company. The principle of the law of partnerships was applied. The case cited does not, in our opinion, support the contention made, and does not militate against the ruling here made.

*Judgment affirmed. All the Justices concur.*