17256.   CONTINENTAL LIFE INSURANCE COMPANY *v.* WILSON, administrator.

STEPHENS, J. 1. In an insurance policy which insures against bodily injuries effected solely through external, violent, and accidental means, and sustained by the insured in the following manner: "By the wrecking or disablement of any private automobile, motor-driven car, or horse-drawn vehicle, in which the insured is riding or driving, or by being accidentally thrown from within such automobile, car, or vehicle," the expression "such vehicle," in the clause "by being accidentally thrown from within such . . vehicle," includes any "horse-drawn vehicle," without reference to its being· a vehicle which has been wrecked or disabled.

2. The provision covering injuries sustained "by being accidentally thrown from within such automobile, car, or vehicle" covers any accident which might reasonably be expected to happen to the insured upon being accidentally thrown from an automobile, car, or vehicle, and therefore covers an injury, resulting in the death of the insured, which he sustained by being accidentally thrown from a log-cart in which he was riding, which struck a stump in the road, throwing him out and dislodging a log, which fell upon him. See, in this connection, Wright *v.* Ætna Life Ins. Co., 10 Fed. (2d ed.) 281.

3. Where the insured is "on" a log-cart which is loaded with logs, he is "within" the vehicle, in the sense of the terms of the policy, reasonably construed.

4. In a suit upon an insurance policy, where the only allegation as to a demand upon the insurance company for payment of the loss was contained in the allegation as to the filing of the proof of loss, which was filed prior to December 7, 1925, on which date the insurance company acknowledged receipt of proof of loss and denied liability and refused payment of loss, and where the suit was filed on January 12, 1926, the petition did not allege a failure of the insurance company to pay the loss within sixty days after demand.

5. Applying the above-stated rulings, the petition, which was a suit against the insurer by the administrator of the insured, to recover for a loss alleged to have been covered by the policy of insurance, set out no right to recover attorney's fees and the penalty provided for in section 2549 of the Civil Code (1910), but otherwise set out a cause of action in the

Accident Insurance, 1 C. J. p. 417, n. 39; p. 427, n. 45; p. 486, n. 74; p. 489, n. 5; p. 491, n. 38.
Appeal and Error, 4 C. J. p. 1180, n. 21.
On, 29 Cyc. p. 1484, n. 51.

plaintiff, as administrator, for the face value of the policy, payable upon the death of the insured.

6. Where the insurer denies liability under the policy and refuses to pay the loss sustained, it thereby waives its right to rely upon the provision in the policy that suit thereon shall not be instituted prior to the expiration·of sixty days after the proof of loss has been made as required by the terms of the policy. *Scott* v. *Life & Casualty Ins. Co.,* 34 *Ga. App.* 479 (129 S. E. 903); *Continental Ins. Co.* v. *Wickham,* 110 *Ga.* 129 (2) (35 S. E. 287).

7. The suit, although it does not appear that it was filed after sixty days after the filing of the proof of loss, was not prematurely brought.

8. The judgment overruling the demurrers, general and special, except to the allegations seeking recovery of a penalty and attorney's fees, is affirmed; but the judgment overruling the demurrer to the allegations seeking recovery of a penalty and attorney's fees is reversed.

*Judgment affirmed in part and reversed in part. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 3, 1927.

Complaint on life-policy; from Bibb superior court—Judge Malcolm D. Jones. February 26, 1926.

*Robert W. Barnes,* for plaintiff in error.

*Evans & Evans, Hall, Grice & Bloch,* contra.