24603. ÆTNA LIFE INSURANCE COMPANY *v.* DORMAN
*et al.*

DECIDED JUNE 15, 1935.

*Bryan, Middlebrooks & Carter, J. Render Terrell Jr.,* for plaintiff in error.

*Duke Davis,* contra.

JENKINS, P. J. ■ In this suit for the recovery of permanent total-disability benefits under a group policy, issued to an employer

for the benefit of the plaintiff and other employees, the evidence warranted a finding that such disability existed, within the meaning of the policy. *Cato* v. *Ætna Life Ins. Co.*, 164 *Ga.* 392 (138 S. E. 787); *Prudential Ins. Co.* v. *South*, 179 *Ga.* 653 (177 S. E. 499).

■ Although the policy contains a provision that the insurance company "shall have a period of six months after receipt of [proofs of disability] to determine if such disability is permanent, and the first monthly installment shall not become due until the expiration of such six months," the suit was not prematurely brought, even though it was filed less than six months after receipt of such proofs, since, under the admitted averment of the petition, the company prior to the suit absolutely refused to pay any benefits under the policy. It was urged that the rulings of this court in *Continental Life Ins. Co.* v. *Wilson*, 36 *Ga. App.* 540 (6) (137 S. E. 403), and *Scott* v. *Life & Casualty Co.*, 34 *Ga. App.* 479 (129 S. E. 903), to the effect that when the insurer denies liability under a policy and refuses to pay the loss·sustained, it thereby waives its right to rely on a provision in the policy that *suit* thereon shall not be instituted prior to the expiration of the period fixed by the policy after proof of loss has been made, are inapplicable because the provision in the instant policy is not one which merely provides that *no suit* shall be filed until after the expiration of the stated period, but that *no liability* shall exist until the expiration of such time. This contention was, however, determined adversely to the insurer by the decision in *Continental Ins. Co.* v. *Wickham*, 110 *Ga.* 129 (35 S. E. 287), where prior cases were reviewed, and it was held that "a refusal to pay anything upon a policy . . is a waiver of a stipulation in the policy that the loss thereunder '*shall not become payable until sixty days after the notice* . . *and* satisfactory *proof of the loss*,' have been received by the insurer." (Italics ours.) See also *Merritt* v. *Cotton States Life Ins. Co.*, 55 *Ga.* 103. There is no material difference except as to the period of time between the stipulations in the *Wickham* case and those in the present case, one providing that the first payment "shall not become due until the expiration of . . six months," and the other that the loss "shall not become payable until sixty days," etc.

■ While, as held by this court in *Travelers Ins. Co.* v. *Lancaster*, 51 *Ga. App.* 390 "an insurer's absolute denial of all liability

under a group policy issued to an employer waives an option in a certificate of insurance, issued to an employee, to the effect that any amount payable under the policy might be paid under an optional number of installments as might be chosen by the employer, as stipulated in a table contained in the group policy, with the result that, upon such denial of liability by the insurer and the consequent failure of the employer to specify the option chosen, the employee may maintain an action for the amount of insurance fixed by the policy, without reference to the schedule of payments calculated in increasing amounts according to the deferment of the installments," the rule, as pointed out in that case, would be different, where, as in the instant case, no option exists as to methods of payment, and where the policy provides only one method of payment whereby monthly installments of $27 each are to continue until the total $1000 of insurance is exhausted. The decision in *Wright* v. *Fuller,* 148 *Ga.* 223 (96 S. E. 433), did not hold to the contrary, since that was an insolvency case, where it had been previously held (147 *Ga.* 70, 92 S. E. 873) that when the company was adjudged insolvent and dissolved, it broke its engagements with its policyholders, became liable to them in damages for such breach, and thereupon "the policyholders became creditors for the full value of their policies at the date of the dissolution." It was therefore held in the later case that the trial court "did not err in fixing the damages for the breach of the contract of insurance at the full amount of the policy reduced to its present cash value as of the date" of the liquidation, even though under the terms of the contract the amount was payable in monthly installments of $25 each. That decision merely follows a general rule applicable after bankruptcy or insolvency that the liquidation and required proof of claims within a limited period avoid the necessity of creditors having to wait until the maturity of their obligations before filing proofs, so that they may not lose their proper share of the assets. In the instant case, where the insurer is a going concern, and the policy provides no option as to the method of payment, a mere refusal to pay would not authorize the court or jury in effect to rewrite a vital provision of the contract by requiring the insurer to pay the face amount of the policy in a single present cash payment instead of by the specified future monthly installments. See *Metropolitan Life Ins. Co.* v. *Day,* 145 *Ga.* 425, 429 (89 S. E. 576).

Especially would this be true, and a contrary rule would operate to vitally change the nature and character of the risk, where as here the policy provides that, should the insured at any future time cease to be totally disabled, the unpaid installments shall cease. The plaintiff was therefore entitled to recover only such installments of $27 each as, under the foregoing ruling, began after the date the company refused payment, on May 5, 1933, and had accrued up to the date of the trial, May 9, 1934, together with interest thereon at the legal rate. As to any excess beyond these accrued installments and interest, the verdict was unauthorized; and the charges excepted to, instructing the jury to return a verdict only for the full amount of the policy, were in this respect erroneous. If the plaintiff will write off from her $1000 recovery the illegal portion, $636.52, leaving the amount of the thirteen accrued installments, $351.00, and $12.48 legal interest thereon, the judgment refusing a new trial to the defendant is affirmed, otherwise it is reversed.

*Judgment affirmed on condition. Stephens and Sutton, JJ., concur.*