## WILLIAMS *v.* WILLIAMS.

BELL, Justice.  1. The judgment for temporary alimony and attorney's fees was not erroneous for want of evidence that the parties were living in a bona fide state of separation.  Besides the testimony, the fact of separation was admitted by the defendant in his answer.

2. The facts that the defendant's wife and minor child were living on a farm which the defendant had surrendered to an adult son, to be operated for the support of the wife and minor, did not bar the right of the wife to temporary alimony.  *Sellers* v. *Sellers*, 175 *Ga.* 47 (2) (164 S. E. 769).

3. "On application for temporary alimony, the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary."  Code of 1933, § 30-205.

4. The plaintiff having alleged that she separated from the defendant because of his improper relations with other women, the court did not err in admitting in evidence several letters of an intimate and affectionate character, found by the plaintiff in her husband's pocket several months after the separation, while they were living in the same house but not as husband and wife, which letters, though not signed, were in a woman's handwriting, and the introduction of which was objected to on the grounds that no signature appeared, that the handwriting was not shown to be that of any particular person, and that the letters appeared to have been written long after the parties had separated.  Even if the handwriting was not identified and the letters were not written or received until after the separation, their possession by the defendant tended to corroborate the plaintiff's contention as to the cause of the separation, and they were not inadmissible for any reason urged.  *Rogers* v. *Rogers*, 103 *Ga.* 763 (2) (30 S. E. 659); *Ray* v. *Ray*, 106 *Ga.* 260 (2) (32 S. E. 91); *Evitt* v. *Evitt*, 160 *Ga.* 497 (9) (128 S. E. 661).

5. Under the evidence, the allowance of $5 per week as alimony and $25 for attorney's fees does not appear, as a matter of law, to be excessive.  *Nolan* v. *Nolan*, 179 *Ga.* 677 (177 S. E. 248).

*Judgment affirmed. All the Justices concur.*

No. 11093.  DECEMBER 10, 1935.

*Wade H. Watson,* for plaintiff in error.
*Jap H. Highsmith,* contra.