### DEADERICK v. DEADERICK.

ATKINSON, Justice. A suit for divorce was instituted by a man, on the alleged ground of cruel treatment. The defendant filed an answer denying the alleged acts of cruel treatment, and alleging certain misconduct on the part of the plaintiff. The defendant prayed that a divorce be denied, and that the court award temporary and permanent alimony for herself and the minor children, issue of the marriage. The jury returned a final verdict denying a divorce and awarding alimony, as follows: "We, the jury, find in favor of the defendant. We further find that the plaintiff shall pay to the defendant as permanent alimony the sum of $50.00 per month until each of the girls, Lou M. Deaderick and Sallie H. Deaderick, reach the age of 21 years or are married; then $25.00 per month until the son Robert H. Deaderick Jr. reaches the age of 21 years or marries; then $20.00 per month to defendant for the balance of her natural life." The plaintiff made a motion for a new trial on general and special grounds, which was overruled, and he excepted. *Held:*

1. A letter received through the mails is not admissible in evidence when offered by the recipient, without proof of its authenticity (*Kent* v. *Wadley Southern Railway Co.*, 136 *Ga.* 857, 859, 72 S. E. 413); but proof of its execution may be shown by circumstantial evidence. *Cocroft* v. *Cocroft*, 158 *Ga.* 714 (124 S. E. 346); *Williams* v. *Williams*, 181 *Ga.* 493 (4) (182 S. E. 904). Evidence that a woman wrote to the defendant a letter reporting certain conduct of the plaintiff, and on the same day told the plaintiff that she had written the letter, and on the day the letter was received by the defendant the plaintiff called defendant by long-distance telephone and told her to ignore the letter, was sufficient to authorize admission of the letter in evidence over the objection that there was no proof of its genuineness.

2. The motion for a new trial complains that the letter contained statements hurtful to the movant's character, as to which he should have had a right to cross-examine its purported author. This ground of objection was not stated to the court at the time the evidence was admitted, and consequently this ground of the motion for a new trial is without merit.

3. No divorce was granted, and consequently it was a legal impossibility for the wife to remarry at that time. If the marital relations should be dissolved by death of the husband, thus removing the disability of the wife to remarry, her right to the monthly payments would cease. *Buffington* v. *Cook*, 147 *Ga.* 681 (95 S. E. 214).

(a) This case differs from *Wise* v. *Wise*, 156 *Ga.* 459 (119 S. E. 410), in which the award as permanent alimony was of specific property, and not a mere direction to pay monthly stated sums of money.

(b) The decision in *Buffington* v. *Cook*, supra, related to direction to pay stated sums each month until a stated aggregate amount had been paid, and was overruled in *Wise* v. *Wise*, supra, only in so far as it conflicted with that decision.

(c) In the instant case the failure of the verdict to provide for cessation of monthly payments in the event of remarriage of the wife is not ground for setting the verdict aside as contrary to law.

(d) A different ruling is not required by the decision in *Wilkins* v. *Wilkins*, 146 *Ga.* 382 (91 S. E. 415), which held: "After the termination of a suit for permanent alimony and the rendition of a final decree therein, not excepted to, the decree allowing alimony passes beyond the discretionary control of the trial judge; and he has then no authority either to abrogate it or to modify its terms, unless the power to do so is reserved in the decree. The power to revise and review allowances of alimony, which is vested in the judges of the superior courts by the Civil Code, § 2978, applies exclusively to the revision and review of allowances of temporary alimony. *Coffee* v. *Coffee*, 101 *Ga.* 787 (28 S. E. 977)." *Henderson* v. *Henderson*, 170 *Ga.* 457-461 (153 S. E. 182).

4. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial. *Judgment affirmed. All the Justices concur.*

No. 10699.   March 11, 1936.

*McElreath & Scott, Craighead & Craighead,* and *Dwyer & Dwyer,* for plaintiff.

*Harold T. Patterson* and *Dorsey, Shelton & Pharr,* for defendant.