40596. TUCKER v. COLQUITT COUNTY.

DECIDED APRIL 6, 1964—
REHEARING DENIED APRIL 29, 1964.

*Twitty & Twitty, Frank S. Twitty,* for plaintiff in error.
*Jack Short, B. B. Slocumb, J. Lundie Smith,* contra.

HALL, Judge. 1. The ground of some of the defendant's special demurrers was that the allegations of the petition were insufficient to enable the defendant to prepare its defense because Exhibit A and Exhibit B, summaries of defendant's accounts attached to the plaintiff's original petition and amendment, contained figures for total receipts from various sources and disbursements to various accounts or expenses, that were not supported by itemized statements of the disbursements included in the totals. The record of this case shows that these summaries were prepared from the defendant's own records in his possession or more easily accessible to him than to the plaintiff. Therefore, the trial court did not err in overruling these demurrers. *City of Abbeville v. Eureka Fire Hose Mfg. Co.,* 177

Ga. 204, 207, 210 (170 SE 23); *Mu Chapter Building Fund v. Henry*, 204 Ga. 846 (51 SE2d 841, 7 ALR2d 431); *Beebe v. Smith*, 76 Ga. App. 391, 403 (46 SE2d 212); *Etheridge Motors, Inc. v. Haynie*, 103 Ga. App. 676 (120 SE2d 317); *Belk-Gallant Co. of LaGrange v. Cordell*, 107 Ga. App. 785, 787 (131 SE2d 575).

By other special demurrers the defendant contends that the allowance of the amendment made the petition duplicitous. The authorities cited by the defendant do not support this contention. *City of Columbus v. Anglin*, 120 Ga. 785, 789 (48 SE 318). Moreover, it appeared upon the trial that evidence offered respecting the amendment resulted in a reduction of the amount the plaintiff claimed the defendant was indebted. Thus the record does not show that the defendant was prejudiced by the allowance of this amendment, whether or not it made the petition subject to special demurrer. The plaintiff in error has the burden to show error and that the error was prejudicial. *Whitner v. Whitner*, 207 Ga. 97, 99 (60 SE2d 464); *Carpenter v. Forshee*, 103 Ga. App. 758, 770 (120 SE2d 786); *Old Colony Ins. Co. v. Dressel*, 109 Ga. App. 465 (136 SE2d 525).

The trial court did not err in overruling the defendant's demurrers.

2. The plaintiff's evidence showed that Exhibits A and B attached to the petition, "Statement of Receipts and Disbursements from January 1, 1961, to June 30, 1962" (Exhibit A) and "Statement of Receipts and Credits from January 1, 1961, to June 30, 1962" (Exhibit B), were summaries made by the witnesses, who were auditors, from records of the defendant clerk's office, made available by him to the auditors, and from the W. R. Tucker, Clerk of Court, bank account records, furnished by Moultrie Banking Company pursuant to subpoena, and canceled checks made available by the defendant and stated to be disbursements for county purposes, but not all of the checks made on this account.

The defendant tendered in evidence all of the checks written on the "W. R. Tucker, Clerk of Court" account and "W. R. Tucker, Clerk of Court, Special account" (taken into account in plaintiff's Exhibit A). He presented groups of checks as

representing disbursements for specified purposes. He testified as to the total amounts of the checks for each of these purposes, which differed from the totals for these purposes shown on Exhibits A and B. The defendant disputed the amount contended by the plaintiff as the defendant's receipts and attempted to discredit the plaintiff's evidence of the receipts. However the jury was authorized, from all of the direct and circumstantial evidence before it, to believe the plaintiff's evidence as to the amount of receipts. The records relied on by each party were in evidence. A verdict in the amount returned by the jury was authorized even if the jury believed the defendant's contentions as to the total amount of disbursements. The trial judge approved the verdict. When ". . . the trial judge has exercised the discretion vested in him by law, and there is some evidence to support the verdict, the judgment overruling the general grounds of the motion for new trial is not error." *Kendrick v. Kendrick*, 218 Ga. 460, 461 (128 SE2d 496).

3. Special ground 1 of the motion for new trial complains that during the trial plaintiff's counsel made a statement that he expected a witness to testify to certain facts. The ground shows that the court overruled the defendant's objection to the statement and to the testimony offered by the plaintiff. A ground of a motion for new trial showing that a statement was made by counsel in the presence of the jury, over objection of counsel for the opposing party, but which fails to disclose grounds of the objection made before the trial court, presents no question for decision by this court. *McAfee v. State*, 205 Ga. 545, 546 (54 SE2d 434). Moreover, the defendant does not assign error on the admission of the evidence offered in counsel's statement, which was elicited in part from the plaintiff's witness, and in part from the defendant himself without objection. Hence, the overruling of the defendant's objection could not have harmed him. Accord *Corley v. Russell*, 92 Ga. App. 417, 422 (88 SE2d 470), reversed on other grounds, 212 Ga. 121 (91 SE2d 24).

Ground 8 complains that the court erred in failing to charge the jury that the clerk of court is not required by law to pay over to the county the moneys arising from fines and forfeitures collected by him until all of the legal claims on such funds and

costs due the justices and constables shall have been allowed and paid.

Ground 9 complains that the court failed to charge in connection with the plaintiff's amendment that the defendant would not be under a duty to account for the sums deposited in the W. R. Tucker, Clerk of Court, bank account unless it was proved that the funds deposited were funds collected by the defendant as clerk which he would be required by law to remit to the county treasury. From the entire presentation of the case, including the pleadings, the evidence and the instructions of the court, the jury could not reasonably have been misled as the defendant contends by the absence of such charges. The court's omission to charge therefore was not reversible error. *Chandler v. Alabama Power Co.*, 104 Ga. App. 521, 532 (122 SE2d 317), reversed on other grounds, 217 Ga. 550 (123 SE2d 767).

Ground 10 contends that the court misstated his contentions in charging that he admitted that it was his duty to account to the commissioners for the money received, since his contention was that the law required him to disburse certain funds collected by him before turning the balance over to the county. The defendant's answer alleged: ". . . Your defendant admits . . . it was and is his duty to receive and hold certain [funds] collected by him or otherwise coming into his hands . . . and to account for and pay over to the proper authorities of Colquitt County all such sums that might be due such governing body." "To account to the commissioners for the money received," is not synonymous with "to pay over to the commissioners the money received," as the defendant seems to contend. This ground is without merit.

Considering the entire record in this case, it appears that the issues were fairly and understandably presented and tried, and neither the special grounds discussed above nor any of the others included in the motion for new trial shows harmful error.

*Judgment affirmed. Nichols, P. J., and Russell, J., concur.*