111 Ga. App. 567 (1965)
142 S.E.2d 275
AMERICAN CASUALTY COMPANY OF READING, PA.
v.
PARKS-CHAMBERS, INC.
41187.
Court of Appeals of Georgia.
Submitted March 1, 1965.
Decided April 15, 1965.
Smith, Ringel, Martin & Lowe, Sam F. Lowe, Jr., for plaintiff in error.
Hansell, Post, Brandon & Dorsey, Charles E. Watkins, Jr., contra.
JORDAN, Judge.
This was a suit by Parks-Chambers, Incorporated against the American Casualty Company of Reading, Pennsylvania on a policy of multi-peril insurance issued by the defendant company to the plaintiff.
The petition alleged that the plaintiff had suffered a loss at 1258 Paces Ferry Road, N.W., Atlanta, Georgia, on or about April 27 to April 29, 1963, at an unknown hour, caused by vandalism, malicious mischief, robbery, burglary, and other events insured against and water damage to property in the amount of $20,036.27, as a result of such cause. The plaintiff sought to recover this sum and an additional sum of $9,009.06 as penalty and attorney's fees for bad faith. Copies of the policy sued upon and of the proof of loss filed with the defendant company were attached to the petition as exhibits.
The defendant insurance company filed general and special demurrers to the petition which were overruled by the trial court, and the exception is to that judgment.
1. The allegations of the petition are sufficient to show that the plaintiff has suffered an insured loss under Section 1, Subsection II, Paragraph H, entitled "Vandalism and Malicious Mischief," of the policy sued upon, General Accident &c. Corp. v. Azar, 103 Ga. App. 215 (119 SE2d 82), for which a recovery in some amount would be authorized against the defendant insurance company. Accordingly, the trial court did not err in overruling the general demurrer to the petition. Burke v. Life Ins. Co. of Ga., 104 Ga. App. 865, 867 (1) (123 SE2d 426).
*568 2. The plaintiff insured in paragraph 10 of the petition alleged that the actual cash value of the property at the time of loss was $32,709.06 and that the actual cash value of the property after the loss was $14,586.11; that damage to other property and additional losses, as enumerated in the attached proof of loss, amounted to $1,913.32; and that the total actual cash value and amount of the loss was $20,036.27.
The defendant insurer in grounds 2, 3, 4, and 5 of its special demurrers attacked this computation of loss on the ground that it was further alleged in paragraph 10 of the petition and in the attached proof of loss that the property of the alleged actual cash value of $32,709.06 had been purchased by the plaintiff at a cost of approximately 56 per cent of that sum; and that under the policy of insurance sued upon, a copy of which was attached to the petition as an exhibit, the original cost to the plaintiff is the basic measure of damages. It is thus contended by the defendant insurer that the pleadings affirmatively show that the plaintiff's claim is substantially in excess of the coverage afforded by the policy as asserted in these grounds of demurrer.
A suit on a policy of insurance being a suit upon a contract, the measure of the insurer's liability must be determined according to the terms of the contract. U. S. Fidelity &c. Co. v. Corbett, 35 Ga. App. 606, 610 (134 SE 336). The pertinent provisions in the policy in dispute in this case state that the defendant insurance company: "does insure the Insured named in the declarations, above and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the Insured." (Emphasis supplied).
The primary obligation of the defendant insurance company under these provisions was to insure the owner to the extent of the actual cash value of the property at the time of loss, the correct measure of its liability being the difference between the *569 value of the property immediately before the injury and its value immediately afterwards. Dependable Ins. Co. v. Gibbs, 218 Ga. 305, 315 (127 SE2d 454). Under the decision of the Supreme Court in the Gibbs case, the stipulation of the policy that liability shall not exceed the cost of repair or replacement is a subordinate provision to be pleaded defensively if the insurer would limit or diminish the amount of recovery by reason thereof.
It follows therefore that the basic measure of loss under this policy is not original cost or replacement value as contended by the defendant insurer, but is actual value which has been defined as fair market value of the property at the time of loss. National Fire Ins. Co. v. Banister, 104 Ga. App. 13 (121 SE2d 46). While it has been held in a case involving the loss of a stock of goods that the actual cost of such goods to the insured "would be at least their actual cash value" (Emphasis supplied) (General Accident &c. Corp. v. Azar, 103 Ga. App. 215, 221, supra), actual cash value or fair market value is not necessarily limited to original cost. Mobile Fire Dept. Ins. Co. v. Coleman & Collat, 58 Ga. 251 (3).
The plaintiff insured in computing the amount of its claim against the defendant insurer was not therefore limited as a matter of law to the original cost of the property in dispute but was entitled to allege as a matter of ultimate fact the actual cash value placed by it on the subject property and to assert its claim within the language of the policy provisions, the determination of the actual cash value of the property and of the amount of the loss being an issue for the jury under the pleadings. Millers Nat. Ins. Co. v. Waters, 97 Ga. App. 103 (1) (102 SE2d 193).
The trial court did not err in overruling these grounds of special demurrer.
3. The plaintiff in paragraph 10 alleged that "damage to other property and additional losses, as stated in the said proof of loss, amounted to $1,913.32." The defendant in ground 6 demurred to and moved to strike from the petition the sum of $1,913.32 on the grounds that the proof of loss referred to in paragraph 10 (Exhibit B to the petition) showed that a portion of such amount, $1,042.10, was claimed as a shortage in inventory, an item of coverage not afforded by the policy sued upon.
*570 While the policy by endorsement covered certain losses of property due to robbery and other perils, there is no provision which per se covered a shortage in inventory, and in the absence of specific allegations of fact showing that the alleged shortage in inventory was caused by one of the perils insured against, this ground of special demurrer was meritorious and should have been sustained.
4. The remaining grounds of special demurrer attack the allegations and prayer of the petition in which a recovery of the statutory penalty and attorney's fees for bad faith is sought.
While the petition in this case stated a cause of action for a recovery in some amount against the defendant insurance company and was good as against general demurrer, it did not state a cause of action for the recovery of the specific amount claimed by the plaintiff in view of the ruling in Division 3 of this opinion. Accordingly, since the plaintiff's claim for damages for bad faith was not predicated upon an absolute denial of liability by the defendant insurer or upon a refusal of the company to make a bona fide effort to effect a settlement of the claim, but was wholly predicated upon the failure of the company to pay the specific sum claimed by the plaintiff, the petition did not state a cause of action for the recovery of the statutory penalty and attorney's fees for bad faith. "Refusal to pay in bad faith means a frivolous and unfounded denial of liability. If there is any reasonable ground for the insurer to contest the claim, there is no bad faith. . ." Dependable Ins. Co. v. Gibbs, 218 Ga. 305, 316, supra.
The trial court erred in overruling ground 7(b) of the special demurrer.
Judgment affirmed in part; reversed in part. Russell and Pannell, JJ., concur.