### 42264.  COTTON STATES MUTUAL INSURANCE COMPANY v. CLARK.

ARGUED SEPTEMBER 13, 1966—DECIDED SEPTEMBER 22, 1966—
REHEARING DENIED OCTOBER 10, 1966.

*Robert Edward Surles*, for appellant.

*Lindsey H. Bennett, Jr., George W. Adams*, for appellee.

NICHOLS, Presiding Judge. ■ The notice of appeal was from

the judgment entered on the verdict rendered in the case and the record showing the date of such judgment is controlling rather than a conflicting date shown in the notice of appeal. Accordingly, the motion to dismiss is overruled.

■ The first special demurrer argued by the defendant is numbered 2 which contends that the allegation of the petition as to the method of determining the amount of the alleged loss is a conclusion not supported by the facts pleaded since a copy of the policy attached to the petition has a limitation as to liability in conflict with the allegations of the petition.

Under the decision in *U. S. Fidelity &c. Co. v. Corbett*, 35 Ga. App. 606 (134 SE 336), the stipulation providing that the coverage otherwise provided for was a subordinate provision, limiting or abating the primary liability, and must be raised by defensive pleadings and not by demurrer. Therefore, this ground of demurrer was properly overruled as were the grounds of demurrer alleging that the plaintiff had alleged an improper measure of damages. See also *Dependable Ins. Co. v. Gibbs*, 218 Ga. 305, 315 (127 SE2d 454); and *American Cas. Co. v. Parks-Chambers*, 111 Ga. App. 568 (142 SE2d 275).

■ Under the decision in *Assurance Co. of America v. Bell*, 108 Ga. App. 766 (1) (134 SE2d 540), the allegations of Paragraph 13 of the petition as amended were not subject to the defendant's demurrers as being a conclusion not supported by the facts pleaded, nor was it reversible error to overrule the defendant's demurrers which sought the name of its agent who dealt with the plaintiff in the role of an adjuster, since on the trial this agent testified as a witness for the defendant and obviously the defendant was not harmed by the failure of the plaintiff to allege his name. See *Old Colony Ins. Co. v. Dressel*, 109 Ga. App. 465 (1) (136 SE2d 525); *Tucker v. Colquitt County*, 109 Ga. App. 627 (137 SE2d 87), and citations.

■ During the trial of the case the plaintiff testified as to the value of the building before and after the fire and a witness for the plaintiff, Grady Prince, testified as to the value before the fire and the amount of damage done by the fire. Both witnesses testified as to the facts on which their opinion was based. Thus the admission of such opinion evidence was not error as con-

tended in enumerations of error 4 and 5, and the decision in *Hoard v. Wiley*, 113 Ga. App. 328 (147 SE2d 782), does not require a reversal as contended by the defendant but rather supports the plaintiff's position.

■ No error appears in enumerations of error numbered 6 and 7 which complain of the admission in evidence of two exhibits for the plaintiff. One was a letter written on the letterhead of the defendant wherein it denied that coverage existed on the building because the plaintiff had no insurable interest, and the other, a purported endorsement to the plaintiff's policy of insurance, dated after the loss, wherein the defendant attempted to remove coverage for the building from the inception of the policy.

"A letter received through the mails is not admissible in evidence when offered by the recipient, without proof of its authenticity (*Kent v. Wadley Southern Railway Co.*, 136 Ga. 857, 859, 72 SE 413); but proof of its execution may be shown by circumstantial evidence. *Cocroft v. Cocroft*, 158 Ga. 714 (124 SE 346); *Williams v. Williams*, 181 Ga. 493 (4) (182 SE 904)." *Deaderick v. Deaderick*, 182 Ga. 96 (1) (185 SE 89). Both the local agent and the adjuster for the insurance company testified that they were familiar with the letter and the local agent testified he was familiar with the purported endorsement. These facts plus the fact that the letter was on the letterhead of the defendant and the purported endorsement was on the defendant's form were sufficient circumstances to authorize the admission of such evidence.

■ The eighth enumeration of error complains that the trial court erred in giving the jury in charge *Code Ann.* § 56-2427 which provides in part: "Failure or refusal to furnish such form [proof of loss] upon written request or *written notice of a loss* shall constitute waiver of the right of the insurer to require proof of loss." (Emphasis supplied.) Therefore, assuming that there was no original written notice of the loss yet where the insurance company sent an adjuster to adjust the claim and the plaintiff furnished him with a written inventory of the contents of the building allegedly destroyed by the fire and a written estimate of the cost of repairing the building, it cannot be said

that there was no evidence of a "written notice of a loss." Therefore, the trial court's charge here complained of was authorized by the evidence.

■ Enumerations of error numbered 9 through 12 deal with the court's instructions with reference to the amount of recovery authorized by the policy on the building. Enumerations of error numbered 9 and 10 complain of excerpts from the charge given while 11 and 12 complain of refusal to give timely written requests of the defendant.

Under the decision in *Farmers Mut. Fire Ins. Co. v. Harris*, 50 Ga. App. 75 (2) (177 SE 65), followed in *Farmers Mut. Fire Ins. Co. v. Pollock*, 52 Ga. App. 603 (184 SE 383), no error is shown by these enumerations. The policy provided for coverage of the building in which the plaintiff had an insurable interest. It did not limit his recovery to the value of the leasehold, and there was evidence to show that the policy was issued with knowledge of such interest.

■ The plaintiff sought recovery for the loss of the building as well as the loss of contents and penalty and attorneys fees. On the trial of the case, at the conclusion of the evidence the defendant made a series of motions for directed verdict as to (1) the case as a whole, (2) the damage to the building and (3) the penalty and attorneys fees. These motions were overruled and after verdict and judgment the defendant filed a motion for judgment non obstante veredicto on the same grounds.

The plaintiff introduced evidence that the defendant's adjuster denied the claim outright when he refused to sign a "nonwaiver" agreement without first consulting his attorney. Thus, although the policy provided for a sixty-day period after proof of loss before a demand could be made or suit filed, the plaintiff could at any time thereafter make a valid demand or file his action. See *Continental Life Ins. Co. v. Wilson*, 36 Ga. App. 540 (6) (137 SE 403); *Aetna Life Ins. Co. v. Dorman*, 51 Ga. App. 393 (180 SE 640); *Continental Ins. Co. v. Wickham*, 110 Ga. 129 (35 SE 287). However, plaintiff could not recover attorneys fees or penalty unless he had made a demand more than sixty days prior to the filing of the action. See *Code Ann.* § 56-1206; *Continental Life Ins. Co. v. Wilson*, supra, Headnotes 4 and 5.

There was no evidence of a written demand, and the only conversation between the plaintiff and the adjuster after he refused to sign the "non-waiver" agreement was that the adjuster said, "Well, we won't pay you anything" to which the plaintiff replied, "Well, if you won't pay me I'll have to take you in court," and the adjuster responded, "I'll see you in court, Mr. Clark." This was a part of the conversation wherein the insurer refused payment, amounted to a demand, and took place more than sixty days before the action was filed. No particular language is necessary to constitute a demand, and the insistence of the plaintiff that he be paid even if it meant resorting to the courts after the adjuster informed him that the insurer would not pay him anything unless he signed a "non-waiver" agreement was a sufficient demand to comply with *Code Ann.* § 56-1206.

Accordingly, this ground of the motion for a judgment non obstante veredicto is without merit. As has been previously shown the verdict for the damage to the building was authorized, and a jury question was presented as to the penalty and attorneys fees. Therefore, the trial court did not err in overruling the defendant's motion for a judgment non obstante veredicto.

*Judgment affirmed. Deen, J., concurs. Hall, J., concurs specially.*

HALL, Judge, concurring specially as to Division 7. In my opinion, the provision on the face of the policy which states "nor in any event for more than the interest of the insured," limits the insured's recovery to the value of his leasehold interest. However, this stipulation of the policy "is a subordinate provision to be pleaded defensively if the insurer would limit or diminish the amount of recovery by reason thereof." *American Cas. Co. v. Parks-Chambers,* 111 Ga. App. 568, 570 (142 SE2d 275). While the insurer affirmatively pled this defense, no evidence was introduced to show the amount to which the limitation of liability reduced the amount recoverable by the insured under the policy.