## 47291.  HANOVER INSURANCE COMPANY
## et al. v. HALLFORD.

ARGUED MAY 23, 1972—DECIDED SEPTEMBER 29, 1972—
REHEARING DENIED OCTOBER 17, 1972.

*McClure, Ramsay & Struble, Robert B. Struble,* for appellants.

*Telford, Stewart & Stephens, Charles W. Stephens,* for appellee.

BELL, Chief Judge. ■ ■ To recover attorney's fees or penalty for bad faith a demand for payment of the loss must be made more than 60 days prior to filing of the suit; *Code Ann.* § 56-1206. *Hull v. Alabama Gold Life Ins. Co.,* 79 Ga. 93 (1a) (3 SE 903) and *Continental Life Ins. Co. v. Wilson,* 36 Ga. App. 540 (4, 5) (137 SE 403). The case of *Cotton States Mutual Ins. Co. v. Clark,* 114 Ga. App. 439 (8) (151 SE2d 780) held that no particular language is necessary to constitute a demand. In *Clark* the statement of the insured to an adjuster insisting upon payment of his loss and if not paid he would resort to the court constituted a sufficient demand. Applying that holding to this case, the demand made by plaintiff's attorney here more than 60

days prior to the suit would be sufficient and the failure to demand payment in any particular sum would not render the demand insufficient.

■ The verdict for plaintiff, $4,100, was less than the amount demanded in the complaint, $15,000. While the plaintiff struck that part of his complaint seeking recovery for loss to personal property and additional living expenses, he did not amend his prayer for $15,000 damages. *Love v. National Liberty Ins. Co.,* 157 Ga. 259, 271 (121 SE 648); *Georgia Farm Bureau Mutual Ins. Co. v. Boney,* 113 Ga. App. 459 (148 SE2d 457) and many other cases stand for the proposition that where the verdict is less than the amount demanded in the petition, no recovery for penalty and attorney's fees is authorized. These cases are not controlling here. Defendant by its answer denied any liability to plaintiff whatsoever. A failure to recover the full amount sued for will not, after a denial of any liability by the insurer, preclude an insured from recovering a penalty and attorney's fees for bad faith. *Central Mfrs. Mut. Ins. Co. v. Graham,* 24 Ga. App. 199 (99 SE 434); *New York Life Ins. Co. v. Williamson,* 53 Ga. App. 28, 38 (184 SE 755); and *Canal Ins. Co. v. Winge Bros.,* 97 Ga. App. 782 (104 SE2d 525).

■ The evidence authorizes the verdict for penalty and attorney's fees on account of bad faith. The insurer defended on the grounds of no notice of loss on November 17, 1969, and on failure of plaintiff to file written proofs of loss as required by the policy. The evidence is undisputed that the plaintiff promptly notified the defendant's agent on the day of the windstorm damage and on the following day defendant's adjuster made an investigation of the damage to the house and advised plaintiff nothing further was required. The knowledge of the defendant's agent and adjuster of the loss and the date is imputable to the defendant. The discrepancy as to the date is not conclusive in these circumstances. With respect to the claimed defense of failure to file the written proofs of loss, the defendant has admitted in its brief and correctly so that this policy provi-

sion was waived by the acts of the adjuster in investigating the loss. *Barkley v. American National Ins. Co.,* 36 Ga. App. 447 (136 SE 803). The defendant did make an offer of settlement shortly after the investigation by its adjuster in the amount of $210, considerably less than the estimates of repair shown at trial. Nothing was shown at trial that the amount offered was a reasonable sum to repair plaintiff's home. Even after plaintiff had his lawyer write his demand for payment, the record is silent as to any efforts by defendant to adjust this loss. In short, the defendant made no defense. The complete failure of the insurer to prove any defense to an action on a policy is evidence of bad faith and subjects the insurer to a verdict for the statutory penalty and attorney's fees under *Code Ann.* § 56-1206; *Reserve Life Ins. Co. v. Ayers,* 217 Ga. 206, 213 (121 SE2d 649).

■ ■ The other issue in this case concerns the issue of actual damages to the dwelling and a charge of the court on that subject to which exception was made. The defendant contends that certain rather complicated formulae policy provisions for ascertaining defendant's liability as to the amount of damage to the dwelling controlled the issue of the measure of damages. One provision provides that the company shall not be liable for any loss unless and until actual repair or replacement is completed. It is argued that since the only evidence of completed actual repair or replacement is the $52 expended by the plaintiff for temporary repairs, plaintiff's recovery was limited to that amount and the trial court erred in not granting defendant's motions for directed verdict and for judgment n.o.v. on these grounds. Also urged as error is the court's charge that the measure of damages is the "reasonable cost of restoring the building in question to the condition it was in before such damage if you find it was damaged," and not charging certain specific terms of the policy. However, the policy contains the following provision which bears directly on these specific terms: "That the name insured may elect to disregard this condition in making claims hereunder." It was shown that plaintiff in an undated letter to defendant ap-

parently applied the policy formulae in an effort to recover his loss. This letter would not prevent plaintiff from later electing to disregard the policy condition as the policy placed no restrictions on the insured that once an election is made he is bound by it. The very fact that the plaintiff filed suit and sought and proved a reasonable cost of restoring or repairing the building is evidence that the plaintiff elected to disregard the formulae contained in the policy. This he was authorized to do by the plain and explicit terms of the insurance contract and the formulae did not apply. Thus, the court did not err in its charge or in its rulings on this ground.

■ The verdict of the jury for $2,600 actual damage to the dwelling was within the range of the evidence and is not excessive as a matter of law.

*Judgment affirmed. Evans and Stolz, JJ., concur.*