29404. SMITH et al. v. HATGIMISIOS et al.

INGRAM, Justice.

This is an appeal in a custody dispute between the

mother and father of two minor children on the one hand and the maternal great aunt and uncle of the children on the other. We affirm the judgment of the Superior Court of Tift County awarding custody of the children to their parents.

These minor children lived with their parents in Pennsylvania prior to 1967, but have been living with their aunt and uncle in Georgia since that time. Their father was in the Merchant Marine, and when their mother became ill and was confined to a hospital for some two years in Philadelphia, her mother brought the children to Atlanta. The aunt and uncle obtained the children from the grandmother and filed adoption proceedings for the children in Brooks County. The aunt and uncle first obtained a custody order from the Juvenile Court of Brooks County before securing a judgment of adoption in the Superior Court of Brooks County. However, this court held the adoption decree should be set aside for lack of service upon the parents in *Hatgimisios v. Smith,* 229 Ga. 475 (192 SE2d 270) (1972).

Thereafter, the aunt and uncle moved from Brooks County to Tift County with the two minor children and filed new adoption proceedings and the mother filed habeas corpus proceedings, which the father subsequently joined, against the aunt and uncle in the Superior Court of Tift County. The two cases were consolidated for hearing and a final judgment was entered by the trial court which denied the aunt and uncle's petition for adoption and granted custody of the two minor children to the parents.

It is first contended that the trial court erred in not admitting into evidence a copy of a 1971 custody agreement purportedly signed by the mother of the minor children whereby she consented for the aunt and uncle to have custody of the children earlier. The trial transcript shows that this document was tendered first for impeachment purposes since the mother had testified that she never agreed for anyone to have custody of the children. The trial court stated that it would be considered only "for credibility purposes." Subsequently, counsel for the aunt and uncle tendered the copy into evidence at the close of the hearing and, on objection, the trial court

excluded it. The colloquy between the court and counsel shown in the transcript clearly shows that counsel for the aunt and uncle attempted to use the excluded document solely for impeachment of the mother's testimony and did not rely on the document as a consent to the adoption of the minor children. The trial court announced it would consider the document for impeachment purposes and apparently did so even though the document itself was subsequently excluded from evidence.

We find no error in this ruling by the trial court. In the first place, the tendered document was identified by counsel as a copy of an alleged agreement signed by the mother and filed of record in the Superior Court of Brooks County. The mother never acknowledged signing the document and the copy tendered into evidence was not properly certified. See *Pressley v. State,* 205 Ga. 197, 206 (53 SE2d 106), and *Williamson v. State,* 217 Ga. 162, 164 (121 SE2d 782).

The aunt and uncle also argue, through their counsel, that the trial court erred in refusing to admit into evidence their exhibits 8, 9, 10, 11, which they contended were letters received by them from the father of the minor children who was a party but was not present at the hearing because he was at sea. The trial court excluded these letters from the evidence on the ground that the letters had not been properly authenticated. The letters were not signed but did bear the typewritten name "Pete" which other evidence showed was the name of the father of the minor children. The letters contained no handwriting identified to be that of the father but did have a letterhead thereon bearing the name of the vessel at sea upon which the father worked. One of the excluded letters acknowledged receipt of a letter written by the aunt to the father of the children.

It is urged that proof of the execution of the letters was sufficiently shown by circumstantial evidence. *Cotton States Mut. Ins. Co. v. Clark,* 114 Ga. App. 439 (151 SE2d 780) (1966); and, *Fidelity & Cas. Co. v. Mangum,* 102 Ga. App. 311 (116 SE2d 326) (1960) are cited in support of this argument in the brief of counsel for the aunt and uncle. In *Cotton States,* complaint was made of the admission into evidence of a letter written on the

letterhead of the defendant insurance company in the case. There was testimony by a local agent and the adjuster for the insurance company that they were familiar with the letter. The evidence there was sufficient to authenticate the letter and authorize its admission into evidence. In *Fidelity & Cas. Co.* complaint was also made of the admission into evidence of a typewritten letter addressed to the plaintiff. The court held it was not error to admit the letter where there was evidence that the purported writer of the letter later talked to the plaintiff about the letter.

These cases do lend some support to the argument that the letters were admissible into evidence in the present case. However, we think the holding in *Kent & Downs v. Wadley Southern R. Co.,* 136 Ga. 857, 859 (72 SE 413) (1911) is controlling: "The plaintiffs attempted to prove the execution of the letters . . . by showing that they were received by due course of mail, but there was no proof whatever of the genuineness of the signatures to the letters; in fact, it appears that the signatures were typewritten and no witness attempted to identify the signature as that of the parties whose names purported to be signed. The mere fact that these letters were received in due course of mail and upon paper stamped with the letterhead of the parties purporting to sign the letters was not sufficient to render them admissible in evidence. *Freeman v. Brewster,* 93 Ga. 648 (21 SE 165)."

In this case, there was insufficient evidence outside the proffered letters themselves to establish their authenticity. A letter is not admissible in evidence unless it is shown to be genuine. Evidence of authenticity cannot be supplied solely by what appears on the face of the letter itself, to wit, the contents and letterhead. See *Freeman,* supra, p. 649 (6). We find no error in the exclusion from evidence of these exhibits by the trial court in this case.

The final error urged to have been made by the trial court consists of the failure of the trial court to honor the earlier order of the Juvenile Court of Brooks County granting custody of the minor children to the aunt and uncle. The trial court ruled that the mother and father were not bound by the order of the Juvenile Court of Brooks County because they had not been served or made

parties to the proceedings in that court.

We agree with this determination by the trial court. Since no service was made in the Brooks County Juvenile Court case as required by Ga. L. 1951, p. 291 (Code Ann. § 24-2414), that judgment is void and conferred no right of custody to the aunt and uncle as against the parents. See *Blood v. Earnest,* 217 Ga. 642, 643 (123 SE2d 913) (1962). This void judgment can be disregarded. The trial court was fully authorized by the evidence to enter this judgment awarding custody of the minor children to their parents. See *Shaddrix v. Womack,* 231 Ga. 628 (203 SE2d 225) (1974).

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 18, 1974 — DECIDED DECEMBER 3, 1974.

*Howard E. Yancey, Jr.,* for appellants.
*Kelley & Allen, Roy Benton Allen, Jr.,* for appellees.