576 P.2d 1133

**ROSWELL TRAILERS, INC., d/b/a Glen Cook Mobile Homes, Plaintiff-Appellant,**

v.

**POTOMAC INSURANCE COMPANY, Defendant-Appellee.**

**No. 11475.**

Supreme Court of New Mexico.

April 6, 1978.

Richard M. Snell, Clovis, for plaintiff-appellant.

Atwood, Malone, Mann & Cooter, Robert A. Johnson, Roswell, for defendant-appellee.

## OPINION

SOSA, Justice.

Plaintiff-appellant Roswell Trailers, Inc. (hereinafter plaintiff) brought this action in the District Court of Curry County to recover against defendant-appellee Potomac Insurance Company (hereinafter defendant) on a claim based on the terms of an inland marine all-risk floater insurance policy issued by defendant for damage to plaintiff's inventory of mobile homes.

The facts reveal that plaintiff is in the business of buying mobile home units at wholesale and reselling them at retail. To protect its inventory against a range of damage and loss, plaintiff purchased from defendant the inland marine insurance policy. During the term of the policy's coverage various units of plaintiff's inventory were damaged by two hail storms. The amount owed by defendant to plaintiff under the terms of the policy as a result of the first hailstorm was settled and paid. How-

ever, the parties were unable to agree on the amount owed as a result of the damage caused by the second hailstorm. The present suit was filed to determine this issue. During the pendency of the suit, plaintiff eventually sold all of the damaged units at discount. In all instances, the discounted sale price received by plaintiff for the damaged units exceeded the wholesale cost, or "net cost of replacement" at which plaintiff originally acquired them.

The policy of insurance at issue in this case provides that:

SPECIAL CONDITIONS

10. Valuation: In case of loss, the basis of adjustment shall be as follows:

(a) On unsold property—Actual cash value, not exceeding net cost of replacement; . . .

The trial court entered findings of fact stating that the actual cash value of the mobile homes before the hail damage was their expected retail sales price and that the actual cash value of the mobile homes after the hail damage was the discounted amount for which the homes were actually sold by plaintiff. Both of these findings are supported by the testimony of the owner-manager of the plaintiff corporation. Defendant argues that these findings are well supported by the record and should not be disturbed on appeal. We agree.

Based upon its findings and its interpretation of the above quoted clause of the insurance policy, the trial court held that under the policy of insurance the plaintiff suffered no loss for which it should be compensated. This conclusion was evidently based upon the reasoning that since the discounted sales price received by the plaintiff for the damaged units in each instance exceeded the "net cost of replacement," or wholesale price at which the plaintiff acquired the units, the policy of insurance prohibited any recovery. We do not agree.

Clause 10(a) of the insurance policy is typical of liability limitation clauses inserted in fire insurance and similar damage policies. Such clauses do not purport to fix any rule for determining loss. 15 *Couch on*

**504**

Insurance 2d § 54.129 (1966). Their provisions constitute only a limitation on the amount of recovery. *Crisp v. Security National Insurance Company*, 369 S.W.2d 326 (Tex.1963). In the present case, the recovery can not exceed the actual cash value of the property nor exceed the cost of replacement.

The primary obligation of the defendant insurance company under the provisions of this policy was to insure the plaintiff to the extent of the actual cash value of the property at the time of loss. The correct measure of its liability is the difference between the value of the property immediately before the injury and its value immediately afterward. *American Casualty Co. v. Parks-Chambers, Inc.*, 111 Ga.App. 568, 142 S.E.2d 275 (1965). The difference between these value figures did not exceed the net cost of replacement of the insured property. The fact that the damaged property covered by insurance was sold by the insured at a discount as damaged merchandise does not change the standard for determining the damages sustained by him. That standard is to determine the actual cash value he has lost. *Milligan v. Donegal Mutual Insurance Company*, 401 Pa. 519, 165 A.2d 74 (1960).

"Actual cash value" of the insured property under the terms of insurance policies such as the one before us is regularly defined as the fair market value of the property. *American Casualty Co. v. Parks-Chambers, Inc., supra*. The measure of damages, in the event of loss, is ordinarily the difference between the fair market value of the insured property immediately before the damage and immediately thereafter, not exceeding the face amount of the policy nor the net cost of replacement. *Citizens Insurance Company v. Foxbilt, Inc.,* 226 F.2d 641 (8th Cir. 1955).

The determination of the actual cash value of the property and of the amount of the loss is an issue for the fact finder. *American Casualty Co. v. Parks-Chambers, Inc., supra*. Both the insured and the insurer are at liberty to resort to any evidence which logically aids in the formation of a correct estimate of value of the property before and after damage. *Eagle Square Mfg. Co. v. Vermont Mut. Fire Ins. Co.*, 125 Vt. 221, 212 A.2d 636 (1965).

In the case before us the fact finder arrived at before-and-after damage valuation figures which are supported by the evidence. Since the difference between these two figures in no case exceeded the net cost of replacement (wholesale cost) of any damaged unit, we hold that plaintiff is entitled to the difference between actual cash value of the property before the hailstorm damage and the actual cash value of the property after the hailstorm damage.

Plaintiff suggests in its brief that the figure arrived at under the above rule should be reduced by the amount received from defendant as a result of damage caused by the first of two hailstorms, and should be further reduced by the deductible amount provided by the policy as against each unit. These are matters to be considered by the trial court when it redetermines the amount owed as damages by defendant to plaintiff under the rule of law announced in this opinion. The cause is remanded to the trial court for further proceedings consistent with this opinion.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.