37783.   SWEATMAN *v.* HARTFORD ACCIDENT & INDEMNITY COMPANY *et al.*

GARDNER, Presiding Judge.   Code § 114-708 provides for appeal to the full board within 7 days of "notice of the award" and

provides that "a copy of the award so made on review shall immediately be sent to the parties at dispute." Such phraseology shows a legislative intent to make awards effective only when compliance is made with the notice provision. It is true that Code § 114-710 provides for appeals to the superior court "within 30 days from the date of any such final award." An award is not final until the notice provision has been observed. The word "shall" as used in this section is mandatory. *American Mut. Liability Ins. Co.* v. *Satterfield*, 88 *Ga. App.* 395 (76 S. E. 2d 730), cited by the insurance carrier, is not controlling here because there is no statutory mandate requiring superior court judges to inform counsel of their rulings and judgments.

The undisputed facts on this hearing establish that Mr. Wall, the attorney in question, originally gave the board an address in the Grant Building; that he subsequently moved his offices to another building; that he so informed the board in writing, requesting them to use the new address, and that they did use the new address thereafter, and until the award in question, which was more than a year later; that this award was sent out to the former address and that the attorney did not receive it. These facts are in part deducible from the board's copy of the award which shows the incorrect address for the attorney, plus the attorney's direct statement that he did not receive the letter. It further appears that a notice of award was mailed to the claimant, but this notice was addressed to the claimant in care of the attorney at the old address and would have had to be received by the attorney before it could be forwarded to the claimant. The attorney's testimony that he received no notice of award is conclusive that both his own notice, and the notice to the claimant sent to her in care of himself at the old address, were not received by him. It follows that they could not have been received by the claimant, who would have had to receive the notice from her attorney after he received it. Since there was no finality to the award, no compliance having been made as to the notice provision, it was accordingly error for the trial court to dismiss the appeal on the ground that the same had not been filed within the time required by law.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED NOVEMBER 2, 1959—REHEARING DENIED
NOVEMBER 19, 1959.

736

*Hewlett, Hewlett & Wall, Alford Wall,* for plaintiff in error.
*Greene, Neely, Buckley & DeRieux, Burt DeRieux, John D. Jones,* contra.