### 38304. SWEATMAN v. HARTFORD ACCIDENT & INDEMNITY COMPANY *et al.*

GARDNER, Presiding Judge. This case has been before the Court of Appeals twice before. When it was first here the case was reversed with direction that the full board rehear the case because the full board did not hold a de novo hearing as provided by Code § 114-708. See *Sweatman v. Hartford Accident &c. Co.,* 96 Ga. App. 243 (99 S. E. 2d 548). On the second appearance of the case here the reversal turned on whether or not proper notice had been given. See *Sweatman v. Hartford Accident &c. Co.,* 100 Ga. App. 734 (112 S. E. 2d 440). The case is here now so that this court can pass on the merits and questions of law. Upon these issues the State Board of Workmen's Compensation found that the claimant, Mrs. Carol C. Sweatman, Sr., widow of the deceased, was not entitled to compensation. The Superior Court of Fulton County affirmed such findings of fact and award, thus denying compensation to the claimant. It is to this judgment that the case is here for review.

Counsel for the claimant contend that the award denying compensation is based on an erroneous conclusion drawn from the facts and the law applicable thereto rather than upon the "any evidence" rule. It is true that where erroneous conclusions are drawn under such circumstances it is proper for this court to reverse the award. See *Glens Falls Indem. Co. v. Clark*, 75 Ga. App. 453 (43 S. E. 2d 752) ; and *Hall v. Kendall*, 81 Ga. App. 592 (1) (59 S.`E. 2d 421). Since counsel have abandoned the idea of arguing the case on the evidence, although they have seemed to do that, too, after specifically stating that the decision should turn on points of law, we will not go into the evidence extensively. We would not say that the evidence demands an award in favor of the claimant. The only specific evidence in this regard is the testimony of Dr. Blackford. Dr. Blackford stated: "I wouldn't think the climbing [of steps] had anything to do with his death." The deceased did not feel well and was taken to the company clinic where he climbed somewhere around thirty steps. This was opinion evidence. In *Maryland Cas. Co. v. Pitman*, 72 Ga. App. 838 (35 S. E. 2d 319) it is stated: "It is settled that the opinionative testimony of medical experts is not conclusive on the hearing of a workmen's compensation case, but may be accepted or rejected by the hearing director. Pitman, the claimant, testified that his present physical condition had worsened since the award of June 22, 1943. In our opinion the evidence as a whole amply authorized the director to find that Pitman's physical condition had not improved subsequently to the award of June 22, 1943; and, if on July 14, 1944 (the date of the last physical examination of Pitman), his physical conditon had not changed since the award of June 22, 1943, then it logically follows that his physical condition had not changed since the award of July 21, 1943." In *American Motorists Ins. Co. v. Blaylock*, 84 Ga. App. 409 (66 S. E. 2d 126), in regard to opinion evidence of expert witnesses, Judge Townsend, speaking for the court, said: "In this consideration the opinions of expert witnesses are not conclusive upon the board but may be disregarded. It is well settled that the opinions of expert witnesses, while entitled to great weight, are advisory only, and the jury (or the Board of Workmen's Compensation) are bound thereby only to the extent to which they desire to give credence to such opinions." Then follow many

citations of authority. We see no reason to go further into the matter of whether or not climbing steps was a sufficient expenditure of energy to cause the death of the deceased and thus demand an award in the claimant's favor. The appellate courts have several times passed on the question as to whether or not going to a company clinic is an act which is incidental to a workman's employment. This question has been determined both ways, depending upon the circumstances involved in the respective cases.

The Superior Court of Fulton County did not err in affirming the findings of fact and award of the State Board of Workmen's Compensation.

*Judgment affirmed. Townsend, Carlisle, and Frankum, JJ., concur.*

DECIDED JUNE 9, 1960—REHEARING DENIED JUNE 29, 1960.

*Hewlett, Hewlett & Wall,* for plaintiff in error.
*Burt De Rieux, Greene, Neely, Buckley & De Rieux,* contra.