## 50154. McDOUGALL et al. v. STONER et al.

DEEN, Presiding Judge.

Where a motion for new trial is defective in that no rule nisi signed by the trial judge is sought or obtained, setting the same for hearing and accompanied by service on the opposite party, and there is no amendment and no waiver, a motion to dismiss should be sustained.

There is no statute of limitation limiting the pendency of a motion for new trial, the filing of which nevertheless operates as a supersedeas of the judgment. Code Ann. § 81A-162 (b). Therefore, to allow a motion for new trial without the accompanying rule nisi setting a date for hearing would indefinitely postpone the appeal or the execution of the judgment as the case may be, placing the burden on the winning party of obtaining a hearing on the appellant's motion, contrary to the rule that the burden of showing error in the judgment of the trial court is always on the movant. *Farmers Protective Fire Ins. Co. v. Portrum & Altman,* 145 Ga. 825 (1) (90 SE 49). To withhold the fruits of controversy from the victor by delay is an effective denial of justice.

Code Ann. § 70-302 (Ga. L. 1965, pp. 18, 35) setting out the form of the motion particularly specifies "Rule nisi and certificate of service." Code Ann. § 70-301 requires that where the motion for new trial is not heard at the time *named in the order,* it *shall* come on for hearing at the next term or such other time as the court *by order* may prescribe. Under Code Ann. § 70-306 the opposite party *shall* be served with a copy of the *rule nisi* unless such copy is waived. Under Code § 24-2619 the hearing *shall* be fixed by the judge, and the party making the application *shall* give the opposite party at least 10 days' notice in writing. "Shall" is a mandatory word. "The word 'shall' in a statute 'is a word of command, and the context ought to be very strongly persuasive before that word is softened into a mere permission.' *Garrison v. Perkins,* 137 Ga. 744, 755 (74 SE 541)." *Spivey v. Mayson,* 124 Ga. App. 775, 777 (186 SE2d 154), and see *Sweatman v. Hartford Acc. &c. Co.,* 100 Ga. App. 734 (112 SE2d 440).

The appellee here waived nothing. Over two months after the motion for new trial *sans* order had been filed

and after the expiration of the term the appellee made a written motion to dismiss it on this ground. The matter came up for hearing upon a rule nisi appended to the motion to dismiss. No amendment was offered. The trial court heard the motion to dismiss and denied it. He then heard argument on the motion for new trial and granted a new trial.

The denial of the motion to dismiss the motion for new trial under these circumstances is error. No waiver of the motion to dismiss on the part of appellants appears; this motion was first heard and decided, and the mere fact that *after* its denial appellants participated in argument on the merits of the motion for new trial does not constitute a waiver or acquiescence in the judgment denying the motion to dismiss. Cf. *Clark Milling Co. v. St. Louis Southwestern R. Co.,* 33 Ga. App. 660 (2), 662 (127 SE 783).

*Judgment reversed. Evans and Stolz, JJ., concur.*

ARGUED FEBRUARY 10, 1975 — DECIDED MARCH 4, 1975 — REHEARING DENIED MARCH 20, 1975 — ▮

*T. M. Smith, Jr., Hunter S. Allen, Jr.,* for appellants.
*Bell & Desiderio, Charles R. Desiderio,* for appellees.