## 50154. McDOUGALL et al. v. STONER et al.

DEEN, Presiding Judge.

1. Our decision in the above styled case, 134 Ga. App. 342 (214 SE2d 384) having been reversed by the Supreme Court in 235 Ga. 171, our decision in said case is hereby vacated. Failure to attach a rule nisi to a motion for new trial does not demand a dismissal of the motion.

2. However, where the matter is called to the attention of the trial judge, he may in his discretion dismiss the motion for a new trial or he may continue the matter until the motion is perfected. In this case the trial court did neither, but heard and granted the motion for a new trial, which judgment is also enumerated as error. As the Supreme Court pointed out, the record does not reflect that a hearing on the motion for a new trial was ever ordered by the trial court, although there was a rule nisi and hearing set on the motion to dismiss the motion for new trial. Also, a brief was filed in support of the motion for new trial, but it does not appear that the parties opposing the motion ever argued their side of the case either orally or by brief.

The judgments dismissing the motion to dismiss the motion for new trial, and granting a new trial, are hereby reversed, with direction that the trial court, in the exercise of its discretion, enter a judgment in accordance with the direction of the Supreme Court in this case.

*Judgment reversed. Stolz, J., concurs. Evans, J., concurs specially.*

ARGUED FEBRUARY 10, 1975 — DECIDED OCTOBER 30, 1975 — REHEARING DENIED NOVEMBER 18, 1975.

*T. M. Smith, Jr., Hunter S. Allen, Jr.,* for appellants.
*Bell & Desiderio, Charles R. Desiderio,* for appellees.

EVANS, Judge, concurring specially.

I concur in all that is set forth in the majority opinion. But I go one step further and call attention to the fact that the Supreme Court when this case was before it, specifically held as follows: "The failure to attach a rule nisi to a motion for new trial does not demand a dismissal of the motion. The trial judge in his discretion may dismiss it or continue the matter until the motion is perfected. In this case he did neither but granted the motion for new trial. So far as the record reflects, a hearing on the motion for new trial has never been ordered by the trial court."

So here we have a judge of the trial court granting a new trial in a case *in which there has been no hearing of motion for new trial* pursuant to a rule nisi. That means the losing party was denied the right of due process, in that he was not given notice of a hearing and his case was lost (new trial was granted against his contentions).