54624, 54625. ADRIAN HOUSING CORPORATION v. LUCAS; and vice versa.

McMURRAY, Judge.

Clyde Cecil Lucas executed a time sales contract for the construction of a dwelling on his real estate. The building was placed on his property on or about February 6, 1970. The contract contained a provision which warranted the home would be constructed in a workmanlike manner and in accordance with standard practice "with warranty limited to six months." He immediately noticed numerous deficiencies, and upon his immediate complaint to defendant some of the deficiencies were corrected. He contends that other deficiencies were never corrected.

Lucas proceeded to sue the seller, Adrian Housing Corporation, for breach of warranty, setting forth the deficiencies as appearing within the warranty period and

sought judgment for damages in the sum of $3,000 resulting from said breach. The defendant answered admitting jurisdiction and execution of the contract but otherwise denied the averments of the complaint.

The case was tried before a jury which returned a verdict in favor of plaintiff Lucas in the amount of $1,500. After judgment a motion for judgment notwithstanding the verdict or in the alternative a motion for new trial was filed by the defendant. The motion was denied after a delay of more than three years. Defendant appeals. *Held:*

1. A cross appeal has been filed here by plaintiff with reference to the denial of his motion to dismiss the motion for new trial and motion for judgment notwithstanding the verdict because no rule nisi was signed by the court and because of the unusual delay in the preparation and filing of the transcript of evidence by the court reporter. As to the rule nisi this was perfected by the entry of same. Plaintiff expressly waived this issue in its brief by reason of the authority of *McDougall v. Stoner,* 136 Ga. App. 586 (222 SE2d 69), s.c., 235 Ga. 171 (219 SE2d 138), reversing 134 Ga. App. 342 (214 SE2d 384). However, based upon the authority of *Cox Enterprises v. Southland, Inc.,* 226 Ga. 794 (177 SE2d 653), it would appear that the passing of 13 months between the judgment of the trial court and the filing of the transcript was an unreasonable delay. But, based upon recent decisions such as *Young v. Climatrol Southeast Distributing Corp.,* 237 Ga. 53 (226 SE2d 737); *Gilland v. Leathers,* 141 Ga. App. 680 (234 SE2d 338); *McKissic v. S. S. Kresge,* 141 Ga. App. 604 (234 SE2d 96); *Little v. Thompson Co.,* 140 Ga. App. 238 (230 SE2d 316), dealing with dismissals of appeals, not only must the delay be shown to be unreasonable but the unreasonable delay also must be shown to be inexcusable. Here there was no evidence produced as to the hearing of the motion, hence we have no way of knowing whether the delay was not only unreasonable but also inexcusable. We conclude the court did not abuse its discretion in refusing to dismiss the motion. Accordingly, the order appealed in case No. 54625 is affirmed.

2. The first four enumerations of error argued concern the weight and sufficiency of the evidence to support the verdict of the jury in favor of the plaintiff; and

that the evidence demanded a judgment in favor of defendant. When the trial judge in exercising the discretion vested in him by law has approved the verdict and there is some evidence to support it, a judgment overruling general grounds of a motion for new trial is not error. See *Edge v. Thomas,* 9 Ga. App. 559 (71 SE 875); *Tucker v. Colquitt County,* 109 Ga. App. 627 (137 SE2d 87). There was ample evidence to show that the dwelling constructed on the property in accordance with the contract was not constructed in a workmanlike manner and in accordance with the standard practice as agreed to by the seller, hence the contract was breached within the warranty period and the defendant was liable to the plaintiff for the damages resulting from the breach thereof. See *Trustees of Monroe Female Univ. v. Broadfield,* 30 Ga. 1 (1); *McKee v. Wheelus,* 85 Ga. App. 525 (69 SE2d 788); *Howell v. Ayers,* 129 Ga. App. 899 (1) (202 SE2d 189); *Ayers Enterprises v. Adams,* 131 Ga. App. 12 (3), 17 (205 SE2d 16). The judgment was not demanded in favor of defendant, hence the court did not err in denying the motion for judgment notwithstanding the verdict. These enumerations of error are not meritorious.

3. Various photographs were allowed in evidence which were allegedly taken 18 months after the dwelling was constructed. In examining this testimony the plaintiff, as witness, testified that he took these photographs in "August of '70 that I took 'em," which would roughly be within the six months period. However, further examination disclosed the following: " '71 I believe." " '71 when I took the pictures." This testimony is not positive as to the exact date on which these photographs were taken. However, the witness also testified that they depicted the situation as it looked and existed "[w]ithin four months of the time it was put on the lot." The court did not err in allowing the photographs in evidence inasmuch as the witness may have testified they were taken at a period greater than six months period of the warranty, still they depicted the condition of the house as it existed during the warranty period. Since the admission or exclusion of photographs is a matter within the discretion of the trial judge, this discretion will not be

controlled unless abused. *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 161 (141 SE2d 189). Since we cannot find his discretion in allowing the photographs in evidence has been abused, there is no merit in this complaint.

4. Objection is made to the allowance of testimony of an expert witness as to the structural defects in the house when he did not see the house for over 18 months after it was completed. The court allowed his testimony subject to his ability to testify that the structural defects were there at the time of construction and did not appear after a period of six-months limitation had passed. Whereupon he proceeded to testify as to these structural defects in the construction. Since this testimony was based upon his experience and knowledge of the building trade and in his opinion these conditions existed at the time the dwelling was constructed, there is no merit in this complaint. See in this connection *Howard v. State Hwy. Dept.,* 117 Ga. App. 280, 282 (160 SE2d 204).

5. There is some doubt that the defense counsel made exception that the charge as to damages is not adjusted to the pleadings and evidence. However, the charges complained of with reference to diligence and damages and that the plaintiff must prove by a preponderance of the evidence that he was injured and damaged, that the defendant was negligent, and that such negligence was the proximate cause of his injury and damage was adjusted to the pleading and evidence. There is no merit in this complaint. Nor was the charge that remote or consequential damages are not allowed when they cannot be traced solely to the breach of the contract unless they are capable of exact computation such as the profits which are the immediate proof of the contract and are independent of any collateral enterprise entered into in contemplation of the contract. This charge was more helpful to the defendant than to the plaintiff, and it is not subject to the complaint that same expressed an opinion that some amount of damages had been proven, and same was not harmful error. The case of *City of Decatur v. Robertson,* 85 Ga. App. 747, 749 (1) (70 SE2d 135), is not applicable here. It is no longer necessary for plaintiff to elect to sue on the contract, but, plaintiff may now at the same time proceed for damages arising out of the failure to

perform the contractual duty. See *Howell v. Ayers,* 129 Ga. App. 899, 901 (5), supra.

6. There was no evidence of bad faith, and indeed, plaintiff did not seek damages for any bad faith. However, the court did instruct the jury as to bad faith. But the jury returned a verdict of only one-half of the amount sought, hence we cannot say the portion of the charge concerning bad faith when taken together with the whole charge had any influence on the verdict. An inappropriate charge, unless harmful, is not ground for new trial. *Rentz v. Collins,* 51 Ga. App. 782 (3) (181 SE 678); *Loeb v. Whitton,* 77 Ga. App. 753 (2), 754 (49 SE2d 785); *Jackson v. Kight & Sons,* 159 Ga. 584 (3) (126 SE 379). There is no merit in this complaint.

7. Any and all other enumerations of error do not appear to have been argued in the brief, hence they are deemed to be abandoned. See Rule 18 (Code Ann. § 24-3618); *Dunaway v. Empire Mtg. &c. Co.,* 118 Ga. App. 224 (163 SE2d 237).

The court having considered each and every enumeration of error argued and having found no merit, the judgments must be affirmed.

*Judgments affirmed. Bell, C. J., and Smith, J., concur.*

Submitted October 3, 1977 — Decided November 10, 1977 — Rehearing denied December 1, 1977, in case no. 54624.

*H. Dale Thompson,* for appellant.
*Dubignion Douglas,* for appellee.