A89A0390. BEKAERT STEEL WIRE CORPORATION et al. v. GEORGIA SUBSEQUENT INJURY TRUST FUND.
(382 SE2d 197)

CARLEY, Chief Judge.

An employee of appellant-employer suffered a job-related injury to his back and, as the result, began to receive workers' compensation benefits. This being the employee's second job-related injury, appellants-employer/insurer applied to appellee-Georgia Subsequent Injury Trust Fund (Fund) for reimbursement. See OCGA § 34-9-350 et seq. The Fund accepted appellants' claim for reimbursement.

Appellants thereafter negotiated a settlement agreement with the employee. Appellants did not, however, obtain approval of the settlement agreement from the administrator of the Fund prior to submitting that agreement for approval by the State Board of Workers' Compensation (Board). After receiving notification of the approval of the Board's settlement agreement, the administrator of the Fund moved for the Board to rescind the Fund's reimbursement agreement with appellants. The Board granted the Fund's motion and the rescission of the reimbursement agreement was subsequently affirmed by the superior court. Appellants filed an application for discretionary appeal to this court. There having been no appellate decisions con-

struing the applicable statutory provisions, appellants' application was granted.

The reimbursement agreement between appellants and the Fund predated the settlement agreement between appellants and the injured employee. Compare Op. Atty. Gen. 86-48. In such circumstances, OCGA § 34-9-363.1 (b) provides that appellants "shall obtain" the approval of the settlement agreement by the administrator of the Fund prior to submission of that settlement agreement for the approval of the Board. " 'Shall' is a mandatory word." *McDougall v. Stoner*, 134 Ga. App. 342 (214 SE2d 384) (1975). Appellants secured the Board's approval of the settlement agreement without obtaining the mandatory pre-approval of that agreement by the Fund's administrator. OCGA § 34-9-363.1 provides that, in such circumstances, "the reimbursement agreement between the employer or the insurer and the . . . Fund *shall* become null and void, and the . . . Board . . . *shall*, upon the petition of the administrator of the . . . Fund, issue an order rescinding the reimbursement agreement. . . ." (Emphasis supplied.) Accordingly, in acting to rescind the reimbursement agreement, the Board was merely effectuating the mandatory provisions of OCGA § 34-9-363.1. It follows that the superior court did not err in affirming the Board's order of rescission. The original reimbursement agreement being null and void, appellants' remedy is to seek a compromise agreement with the Fund. "[N]othing in this Code section shall prohibit the parties from reaching a compromise settlement as to reimbursement from the . . . Fund, upon approval of the . . . Board. . . ." OCGA § 34-9-363.1 (b).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 8, 1989.

*Smith, Shaw, Maddox, Davidson & Graham, Jo H. Stegall III*, for appellants.

*Michael J. Bowers, Attorney General, H. Perry Michael, First Assistant Attorney General, Wayne P. Yancey, Senior Assistant Attorney General, Rita J. Llop, Assistant Attorney General*, for appellee.