S96G0495. ALTERMATTS PAINTING et al. v. SUBSEQUENT INJURY TRUST FUND.

(471 SE2d 877)

FLETCHER, Presiding Justice.

Altermatts Painting entered into an agreement with the Subsequent Injury Trust Fund for reimbursement of its employee's workers' compensation claim. Altermatts later settled with the employee and, without notifying the trust fund, submitted the settlement agreement to the State Board of Workers' Compensation for board approval. We granted the writ of certiorari to determine whether an employer must submit a settlement agreement with its employee to the trust fund before seeking board approval of the agreement when the board has not yet approved the reimbursement agreement between the trust fund and employer. We agree with the Court of Appeals that the employer must obtain the trust fund's approval of the settlement

---

prior to submitting the settlement to the board.[1] Therefore, we affirm.

The Subsequent Injury Trust Fund was established to encourage employers to hire persons with disabilities by protecting the employers from excess liability when a worker's injury merges with a preexisting permanent impairment.[2] An Altermatts employee, who had a preexisting permanent impairment, was injured on the job in February 1993. In September, Altermatts and the trust fund executed an agreement in which the trust fund agreed to reimburse Altermatts for certain weekly income, medical, and rehabilitation benefits paid to the employee. In October 1993, Altermatts entered a settlement agreement with its employee. Altermatts did not obtain the trust fund's approval of the settlement agreement before submitting it to the board on November 10, 1993. On the same day, the board approved the reimbursement agreement and a week later approved the settlement agreement. The trust fund later petitioned the board to rescind the reimbursement agreement. The administrative law judge found that the employer violated OCGA § 34-9-363.1 by failing to obtain trust fund approval prior to executing the settlement agreement with the employee and ordered Altermatts to reimburse the trust fund. The board, superior court, and Court of Appeals affirmed.

OCGA § 34-9-363.1 (b) provides that an employer must obtain the trust fund's approval for all settlement agreements with an employee "where a reimbursement agreement between the employer or the insurer and the Subsequent Injury Trust Fund exists prior to the submitting of the settlement agreement to the State Board of Workers' Compensation." If the employer fails to obtain the trust fund's approval and the board nevertheless approves the settlement agreement, the reimbursement agreement "shall become null and void."[3] The trust fund may petition the board to rescind the reimbursement agreement. If rescinded, the employer may seek a compromise with the trust fund on the reimbursement amount.[4]

The issue in this case is the meaning of the word "exists" in the workers' compensation statute. A plurality of the Court of Appeals held that the reimbursement agreement existed when the employer and trust fund reached the agreement in September; the dissent concluded that the agreement did not exist until the board approved it on November 10.[5]

Applying the ordinary meaning of the word, we conclude that the

---

[1] See *Altermatts Painting v. Subsequent Injury Trust Fund*, 219 Ga. App. 357, 359-360 (464 SE2d 922) (1995).

[2] OCGA § 34-9-350.

[3] OCGA § 34-9-363.1.

[4] See *Bekaert Steel Wire Corp. v. Ga. Subsequent Injury Trust Fund*, 191 Ga. App. 490 (382 SE2d 197) (1989).

[5] See *Altermatts*, 219 Ga. App. at 359-360.

reimbursement agreement existed when the employer and trust fund executed it in September. Webster's Third International Dictionary defines "exist" as "to have actual or real being whether material or spiritual: have being in space and time." As a three-page contract stating the terms in which the trust fund would reimburse the employer for benefits paid to an injured employee, the reimbursement agreement had a "being in space." Although the agreement's legal effect may have depended on board approval, a party's right to enforce the agreement should not be confused with the agreement's existence.[6]

This interpretation comports with the legislative intent in enacting OCGA § 34-9-363.1. The legislature amended the workers' compensation statute in 1981 to provide that the employer keep the trust fund administrator informed about any proposed settlement agreement between the employer and employee.[7] The purpose was to protect the trust fund from reimbursing settlements about which it did not know or have an opportunity to approve. Subsection (a) describes the employer's duty to keep the trust fund informed about settlement proposals after a reimbursement agreement is reached. Subsection (b) describes the employer's duty after settlement agreements are reached.

Under subsection (b), the employer "shall" obtain the trust fund's approval of the settlement agreement where a reimbursement agreement exists. The reimbursement agreement between Altermatts and the trust fund came into existence when each party signed it in September. Altermatts reached a settlement agreement with its employee and submitted the settlement to the state board for approval without notifying or obtaining the approval of the trust fund. Because Altermatts failed to follow the required statutory procedure, the trust fund is not obligated to pay the employer under the reimbursement agreement.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 1, 1996.

*Lowendick, Speed & Donahue, Charles G. Hoey,* for appellants. *Harrison & Llop, Rita J. Llop,* for appellee.

---

[6] See *Taylor v. Sunnyland Packing Co.,* 112 Ga. App. 544, 546 (145 SE2d 587) (1965) ("A settlement agreement is not binding, though filed with the board, until it has been approved.").

[7] Ga. L. 1981, p. 836.